**Leamon CAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–118 CR.**

Court of Appeals of Texas,
Beaumont.

July 31, 1992.

Rehearing Denied Aug. 21, 1992.

* Honorable Warren Whitham, retired, Court of Appeals, Fifth District at Dallas, sitting by assignment pursuant to TEX GOV'T CODE ANN. § 74.-003(b) (Vernon 1988).

1. Appellant subsequently ran for sheriff in the 1992 Democratic Party primary but did not win the nomination.

Robert C. Bennett, Houston, for appellant.

Jim James, Dist. Atty., pro tem., Bryan Terry Brown, Dist. Atty., Livingston, for State.

Before WALKER, C.J., and BURGESS and WHITHAM *, JJ.

**OPINION ON MOTION
FOR REHEARING**

BURGESS, Justice.

Our previous opinion filed June 10, 1992, is withdrawn. This opinion is substituted therefor.

Appellant, the sheriff of Polk County, Texas, was indicted on five counts of official misconduct; two counts were dismissed prior to trial. A jury found him guilty of nepotism, submitted as a lesser included offense of one count, guilty of one count of official misconduct and not guilty of one count. The trial court assessed punishment at a $100 fine on the nepotism count and a $500 fine on the official misconduct count. The trial court also ordered appellant removed from office.[1]

Appellant urges three points of error.[2] While sufficiency of the evidence is not raised, a brief discussion of the facts is necessary. Leamon Cain was elected sheriff of Polk County in November 1988 and took office January 1, 1989. His two chil-

2. Appellant had originally urged four points of error, but because of recent case law, abandoned point of error number three at oral submission.

dren, Paul Cain and Janie Cain, were employed at the sheriff's department and had been for more than one year before Sheriff Cain took office.[3] In January 1989, Paul Cain received an increase in salary. This event was the basis of the nepotism conviction. In September 1989, Paul Cain was made a Lieutenant. This event was the basis of the not guilty official misconduct charge. Also in September 1989, Janie Cain received an increase in salary. This event was the basis of the official misconduct conviction.

■ The first point of error is "The statute creating the offense of nepotism, Tex. Rev.Civ.Stat.Ann. art. 5996a, is unconstitutional on its face and cannot support a conviction." Section 1(a) of the act declares that: "No officer ... of any ... county ... shall appoint, or vote for, ... [the] employment ... of any person related within ... the third degree by consanguinity, ...." Section 1(b) states: "Nothing herein ... shall prevent the appointment, voting for, ... any person who shall have been continuously employed in any such ... position ... for the following period prior to the ... election ... of the officer ...: (3) at least one year, if the officer ... is elected at the general election for state and county officers." Section 1(c) then adds:

> When a person is allowed to continue in ... employment ... because of the operation of Subsection (b) of this sec-

tion, the ... officer ... who is related to such person in the prohibited degrees shall not participate in the deliberation or voting upon the appointment, reappointment, employment, confirmation, reemployment, change in status, compensation, or dismissal of such person, if such action applies only to such person and is not taken with respect to a bona fide class or category of employees.

Act of August 31, 1987, 70th Leg., R.S., ch. 427, § 1, 1987 Tex.Gen.Laws 1988 (Sec. 1(a) amended 1991).

Appellant argues that these provisions, when taken together, allow an office holder, especially a sole officeholder such as a sheriff, to be put into the position where any act or refusal to act with regard to compensation, promotion, reassignment or even dismissal may be considered criminal conduct. Consequently the statute is unconstitutionally vague and violative of the Fifth Amendment of the United States Constitution.

The State counters by citing *Bean v. State*, 691 S.W.2d 773 (Tex.App.—El Paso 1985, pet. ref'd). In that case the defendant argued that the provisions of article 5996a[4] were unconstitutionally vague and failed to give notice of the proscribed conduct. The court of appeals summarily dismissed the argument by stating: "We find the wording of the statute clear and unambiguous." *Bean*, 691 S.W.2d at 776. The

---

**3.** The question of both children's appointments under TEX.LOC.GOV'T CODE, § 85.003 (Vernon 1988) has not been addressed by either the State or appellant.

**4.** Article 5996a as it appeared prior to the 1985 amendment:
**NEPOTISM.** No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any

such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.

state argues that "[T]he actionable language of both sections are virtually identical in their form. . . ." However, *Bean* predated section 1(c) [5] and, contrary to the state's proposition, there is considerable difference in the wording of the statute as it appeared before the 1985 amendment. The 1985 amendment added to the main text the language now found in section 1(c). [6] Under the guidance of *Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim.App.1991) we have undertaken to research the legislative history of the 1985 amendment. That amendment not only added the language now found in section 1(c) to the text of article 5996a but also changed the period of previous employment from two years to one year. In reviewing the legislative history there is mention of the time period reduction, but we have found no mention of the language that poses the instant dilemma.

At first blush, the language of section 1(c) seems to be straightforward and unambiguous. While the mere words "shall not participate in the deliberation or voting upon" might be clear, when placed in the context of a sole officeholder do they become so vague as to fail to give notice of proscribed conduct? *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Engelking v. State*, 750 S.W.2d 213 (Tex.Crim.App.1988). We believe they do. Clearly a sole officeholder does not deliberate in the sense that a board or commission might. Nor does a sole officeholder vote in the sense that a board or commission does. Rather the sole officeholder considers issues and makes decisions. Under a literal reading of this statute, a sole officeholder cannot consider nor act in any regard concerning a relative who is entitled to remain employed under section 1(b) to include reassigning or even dismissing such a person. While the legislature may have intended that sole officeholders could not hire or promote their relatives, they did not state such an intent. Instead they wrote a statute which does not allow a sole officeholder to determine which conduct is and is not criminal conduct. Section 1(a) is a general prohibition against the employment of certain family members by officeholders. Section 1(b) excepts those family members who have been previously employed. Section 1(c) then prohibits the related officeholder from participating in any decision regarding the employment status of that family member. As applied to sole officeholders, the statute is unconstitutionally vague. Point of error number one is sustained.

---

5. Article 5996a was amended in 1987 and section 1(c) was created at that time.

6. Article 5996a as it appeared after the 1985 amendment:

**NEPOTISM.** No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of one (1) year prior to the election or appointment *of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.* When a person is allowed to continue in an office, position, clerkship, employment, or duty because of the operation of the exceptions contained in the two foregoing provisions then the Judge, Legislator, officer, or member of the governing body who is related to such person in the prohibited degree shall not participate in the deliberation or voting upon the appointment, reappointment, employment, confirmation, reemployment, change in status, compensation, or dismissal of such person, if such action applies only to such person and is not taken with respect to a bona fide class or category of employees.

■ We are mindful that the constitutionality of a statute will not be determined in a case unless such determination is absolutely necessary to decide the case in which the issue is raised. *Smith v. State,* 658 S.W.2d 172, 174 (Tex.Crim.App.1983). We therefore consider the remaining two points of error.

Point of error number two urges error "by allowing the jury to convict the defendant of official misconduct for conduct which does not constitute a violation of § 39.01, Tex.Penal Code Ann." In this point appellant argues that the statute[7] does not cover a situation where the benefit obtained is to a third person and alternatively, if the statute does cover that situation because of the definition of "benefit" under TEX.PENAL CODE ANN., § 1.07(6)[8] (Vernon 1974), neither the indictment, nor the application paragraph of the charge alleged the third persons, Paul and Janie Cain, were persons in whose welfare the beneficiary is interested. This point was not preserved for review since no objection was made to the indictment prior to trial. *See Studer v. State,* 799 S.W.2d 263 (Tex. Crim.App.1990). This point is overruled.

Point of error number four alleges "the trial court erred by failing to grant Appellant's motion to quash the indictment thereby allowing him to be convicted in Count IV under a more severe general statute when a specific statute governed." The gravamen of appellant's argument is when the official misconduct is based upon the officeholder violating a law relating to his office and the law alleged to have been violated is the nepotism statute, then the prosecution should be restricted to the nepotism statute. However, the genesis of the point of error is a motion to quash the indictment. The indictment certainly set out both offenses, official misconduct and nepotism. This was sufficient under TEX. CODE CRIM.PROC.ANN. art. 27.08(1) (Vernon 1989). The district court had jurisdiction of both offenses under TEX.CODE CRIM.PROC. ANN. art. 4.05 (Vernon Supp.1992). The trial court properly denied the motions to quash. This point of error is overruled.

Having found article 5996a, section 1(c) unconstitutional as applied to appellant, we reverse and remand on both counts for the entry of a judgment of acquittal.

Having reversed and ordered an acquittal, we also reverse the entire judgment, specifically those portions which remove and suspend appellant from the office of Sheriff of Polk County, Texas.

REVERSED AND REMANDED.

---

**7.** TEX.PENAL CODE ANN., § 39.01(a)(1) (Vernon 1989) states in part: "A public servant commits an offense if, with intent to obtain a benefit or with intent to harm another, he intentionally or knowingly: 1) violates a law relating to his office or employment."

**8.** Section 1.07(6) defines benefit as "Benefit means anything reasonably regarded as economic gain or advantage, including benefit to any other person in whose welfare the beneficiary is interested."