**Leamon CAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1331–92.**

Court of Criminal Appeals of Texas, En Banc.

June 16, 1993.

---

Robert C. Bennett, Houston, for appellant.

Jim W. James, Sp. Pros. Atty., Bryan, Terry Brown, Dist. Atty., Livingston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellant, the former sheriff of Polk County was indicted on five counts of official misconduct; the fourth and fifth counts were dismissed prior to trial. On April 29, 1991 the jury found appellant guilty of nepotism and official misconduct. *See* Tex.Rev.Civ.Stat.Ann. art. 5996a § 1(c) (Vernon 1987) and Tex.Penal Code Ann. § 39.01(a)(1) (Vernon 1989), respectively. The jury acquitted appellant on the second count. The trial court assessed punishment at a $100 fine on the nepotism count and a $500 fine on the official misconduct count. *See* art. 5996f, *supra.* Pursuant to section 87.031 of the Texas Local Government Code, the trial court also ordered appellant removed from office.[1]

In a published opinion the Ninth Court of Appeals reversed appellant's conviction and ordered an acquittal.[2] *Cain v. State,* 834 S.W.2d 628 (Tex.App.—Beaumont 1992). The court of appeals held the applicable portion of the State Nepotism statute was unconstitutionally vague when applied to "sole officeholders." *Cain,* 834 S.W.2d at 630. We granted the State's petition for discretionary review to determine whether the Ninth Court erred in

---

1. Appellant later unsuccessfully ran for sheriff in the 1992 Democratic Primary.

2. Had the Court of Appeals been correct in the disposition of this case, the correct remedy to be ordered would not have been an acquittal but rather the dismissal of the indictment.

holding that the State's Nepotism statute, article 5996a, *supra*, is so vague that it is unconstitutional when applied to "sole officeholders." For reasons which will be apparent, we reverse the court of appeals.

An overview of the pertinent facts is necessary. Appellant was elected to the office of Sheriff of Polk County in November of 1988. In January of 1989, appellant took office. Prior to taking office, two of his children were in the employ of the sheriff's department. Janie had been a jailer for one year, and Paul had been a deputy for three years. Prior to their father taking office, Janie and Paul made $10,400 and $17,798, respectively. Upon taking office in January, appellant appointed Billy Ray Nelson as chief deputy. Appellant discussed Paul's status with Nelson, and he instructed him to see that Paul make the same salary as Mike Nettles. Later that month, Paul received a raise in salary to $19,776. The district attorney informed appellant this action was in violation of the Nepotism statute which prohibits related persons from participating in the deliberation or voting upon the change in status, compensation, or dismissal of certain relatives. *See* art. 5996a, § 1(c).

In the summer of 1989, appellant told Nelson that he was going to make Janie a deputy. When advised of the potential illegality of such action by Nelson, appellant replied, "I'm going to do it and I don't care who don't like it." Nelson resigned. Appellant made Nettles his chief deputy. Nettles conferred with appellant about Janie's status, and in the summer of 1989, Janie was promoted and received a raise to $16,370.

Section 1 of article 5996a of the Texas Revised Civil Statutes governs the behavior of elected officials when deciding issues such as the promotion of relatives.[3] The Ninth Court of Appeals held,

> While the legislature may have intended that sole officeholders could not hire or promote their relatives, they did not state such an intent. Instead they wrote a statute which does not allow a sole officeholder to determine which conduct is and is not criminal conduct. Section 1(a) is a general prohibition against the employment of certain family members by officeholders. Section 1(b) excepts those family members who have been previously employed. Section 1(c) then prohibits the related officeholder from participating in any decision regarding the employment status of that family member. As applied to sole officeholders, the statute is unconstitutionally vague.

3. Section 1 of the state Nepotism statute provides:

(a) No officer ... of any ... county ... shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree of consanguinity, to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from the public fees of office of any kind or character whatsoever.

(b) Nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for the following period prior to the election or appointment, as applicable, of the officer or member related to such employee in the prohibited degree:

(1) at least 30 days, if the officer or member is appointed;

(2) at least six months, if the officer or member is elected at an election other than the general election for state and county officers; or

(3) at least one year, if the officer or member is elected at an election for state and county officers.

(c) When a person is allowed to continue in office, position, clerkship, employment, or duty because of the operation of Subsection (b) of this section, the ... officer ... who is related to such person in the prohibited degree shall not participate in the deliberation or voting upon the appointment, reappointment, employment, confirmation, reemployment, change in status, compensation, or dismissal of such person, if such action applies only to such person and is not taken with respect to a bona fide class or category of employees.

Tex.Rev.Civ.Stat.Ann. article 5996a.

834 S.W.2d at 630. While the Ninth Court of Appeals does point out some of the more troubling aspects of our State's Nepotism statute, their analysis fails at a more basic level. The Ninth Court wrote,

> Appellant argues that these provisions, when taken together, allow an officeholder, especially a sole officeholder such as a sheriff, to be put into a position where any act or refusal to act with regard to compensation, promotion, reassignment or even dismissal may be considered criminal conduct. Consequently the statute is unconstitutionally vague and violative of the Fifth Amendment of the United States Constitution.

834 S.W.2d at 629.[4] The court continues,

> At first blush, the language of section 1(c) seems to be straightforward and unambiguous. While the mere words "shall not participate in deliberation or voting upon" might be clear, when placed in the context of a sole officeholder do they become so vague as to fail to give notice of proscribed conduct? *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Engelking v. State,* 750 S.W.2d 213 (Tex.Crim.App.1988). We believe they do.

834 S.W.2d at 630.[5]

The constitutionality of a statute may be challenged for overbreadth or for vagueness. *See Village of Hoffman Estates, et al. v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). In *Hoffman* the Supreme Court outlined the manner of appellate review of statutes based on these constitutional challenges.

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.

*Hoffman,* 455 U.S. at 494–495, 102 S.Ct. at 1191. Because there are no implications of constitutionally protected conduct, we proceed with appellant's challenge based on the vagueness of the statute.

When a statute is challenged as unconstitutionally vague, our concern is premised on notions of notice and due process. *Bynum v. State,* 767 S.W.2d 769, 773 (Tex.Crim.App.1989); *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App. 1988); *Papachristou v. City of Jacksonville, supra.* Essentially, as a society we want people to know what conduct is prohibited before we enforce the laws which prohibit their conduct. A statute may be unconstitutionally vague, "both in the

---

4. The Ninth Court is troubled by the legislature's broad decision to prohibit activities by "sole officeholders" in the delegation of their duties with respect to relatives employed. The statute on its face seems to prohibit the elected official to promote, raise the salary, or even fire a relative who was employed prior to their election. The only raise these employees may enjoy will be ones given to an entire class of employees. This may be unfortunate for these relatives, but there is no reason why the legislature may not pass such a prophylactic statute.

Interestingly, Deputy Nelson advised appellant of a similar reading of the statute. Nelson advised appellant that he "couldn't change their job status any and he couldn't change their pay or their salary increase."

5. There appear to be two separate arguments merged within the court of appeals opinion. The first argument deals with whether the statute is constitutional due to notions of vagueness, and the second argument concerns whether the statute applies to a "sole officeholder." The court seems to find significant the words "deliberation" and "voting upon" because these words implicate a voting body. While there may be more precise words which may have been chosen by the Legislature in the enactment of the statute, there is no argument to our Court or to the court of appeals that the statute was not intended to cover "sole officeholders." And such an argument appears unlikely to succeed when the first sentence of article 5996a, § 1(a) appears to clearly cover such a class of individuals.

sense that it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute,' *United States v. Harriss*, 347 U.S. 612 [, 74 S.Ct. 808, 98 L.Ed. 989] (1954), and because it encourages arbitrary and erratic arrests and convictions." *Papachristou*, 405 U.S. at 162, 92 S.Ct. at 843.

Both the appellant and the court of appeals present several hypothetical situations to persuade us of the unconstitutionality of the statute. Each point to situations where offspring are in the employ of a sole officeholder, and both then rhetorically ask whether the refusal to act with regard to compensation, promotion, reassignment or even dismissal may be considered criminal conduct. The court of appeals held that because the statute is vague as to whether a sole officeholder is prevented from taking *any* action with regard to the employment of a relative, the legislature must not have intended this result. However, the legislature did not exempt these individuals from such conduct. Rather sections 1(a) and 1(c) of article 5996a, *supra*, which specifically refers to "officer," command a different result. The clear import of the legislative action is to prohibit acts of nepotism by *all* elected officials in Texas. *See Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1992).

Whatever the potential problems with the statute may be, these questions are not helpful to our analysis. When determining whether a state statute is constitutional on vagueness grounds, where no constitutionally protected right is concerned, the reviewing court "need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct." *Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim.App.1989); *Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987); *Village of Hoffman Estates, supra; United States v. Powell*, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975). The fact it may be unconstitutional as applied in other circumstances is not sufficient. *Parent v. State*, 621 S.W.2d 796 (Tex.Crim.App.1981). That is, the reviewing court *must look at appel-lant's conduct alone*, and then, the court must examine whether that conduct was clearly prohibited by the statute.

In this cause, appellant instructed his subordinates to give his son a raise in salary and his daughter a promotion and raise. In fact, when confronted with the potential illegality of his conduct, appellant proceeded with the promotions and raises in spite of the consequences. When one of his subordinates objected and resigned, appellant promoted someone who would carry out the promotions of appellant's children. These actions are clearly violative of the statute. Nothing in the Court of Appeals opinion, or otherwise indicates *appellant's conduct* is not prohibited. In fact, the entire analysis of the court of appeals opinion is based on other potentially troubling aspects of the statute.

Accordingly, we hold the state Nepotism statute, article 5996a, section 1(c), *supra*, is not unconstitutional when applied to so-called "sole officeholders." As there are no other points of error for the court of appeals to address, the court of appeals is reversed, and the judgment of the trial court is affirmed.