

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

March 9, 2000

The Honorable Laura Garza Jimenez
Nueces County Attorney
901 Leopard, Room 207
Corpus Christi, Texas 78401-3680

Opinion No. JC-0193

Re: Whether section 573.062(b) of the Government Code requires a sole officeholder to refrain from finally approving reassignments of close relatives who have been continuously employed in his department for the period of time specified in section 573.062(a) (RQ-0123-JC)

Dear Ms. Jimenez:

In general, an individual who is related to a public official may not be employed in a position that the public official may appoint. *See* TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994). Nevertheless, an employee whose close relative is elected or appointed to office may retain the employment if, prior to the relative's election or appointment, the employee has been continuously employed in the position for a certain period of time. *See id.* § 573.062(a). The public official may not deliberate or vote on "the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal of" such a continuously employed relative, however, unless the action applies to "a bona fide class or category of employees." *Id.* § 573.062(b). Thus, a public official may take only an action with respect to his or her relative that is "based on objective criteria" and may not take any such action that allows "for the preference or discretion of the officeholder." Tex. Att'y Gen. Op. No. DM-46 (1991) at 4.

You ask whether section 573.062(b) of the Government Code requires the Chief of Police for the City of Corpus Christi (the "Chief") to decline to finally approve particular interdepartmental transfers involving his son and nephew. *See* Letter from Honorable Laura Garza Jimenez, Nueces County Attorney, to Beverly McGaffey, Office of the Attorney General (Oct. 8, 1999) (on file with Opinion Committee) [hereinafter "Jimenez Letter"]; Letter from Honorable Carl E. Lewis, Nueces County Attorney, to Honorable John Cornyn, Attorney General (July 23, 1999) (on file with Opinion Committee) [hereinafter "Lewis Letter"]. We conclude that section 573.062(b) of the Government Code prohibits the Chief's final approval if the approval requires an exercise of the Chief's discretion.

Your predecessor detailed the situation:

> The Chief of Police for the City of Corpus Christi has a son and a nephew who are both employed as Senior Officers with the department. The employment of both the son and the nephew with the department preceded by several years the appointment of their relative to the chief position. Likewise, each had achieved his rank prior to the chief's appointment.
>
> Years after the chief's appointment, the son and nephew were transferred. The son was transferred from the Uniform Division to the Organized Crime Unit. The son received no salary increase and no change in rank, but this transfer significantly altered his regular duties and required him to wear plain clothes instead of the department uniform. As a result of the transfer, he received a standard clothing allowance, and he was required to drive an unmarked department vehicle which he kept at all times and which could be used only for official duty.
>
> The nephew was transferred from the Uniform Division to the Criminal Investigation Division. The conditions of his transfer were very similar to those of the son: no salary increase; no change in rank; substantial change in duties; plain clothes instead of a uniform; clothing allowance and use of an unmarked department vehicle.
>
> Pursuant to Chapters 143 and 174, Local Government Code, the City and the Corpus Christi Police Officers Association have entered a collective bargaining agreement. . . . [which] gives the chief exclusive authority to approve finally all transfers. After the moves were recommended to him by the supervisors of the respective divisions, the transfers of both the son and the nephew were finally approved by the chief.

Lewis Letter, *supra*, at 1.

A public official may not appoint an individual to a position compensated with public funds if the individual and the official are related within the third degree by consanguinity or the second degree by affinity. *See* TEX. GOV'T CODE ANN. §§ 573.002, .041(1) (Vernon 1994). A son is related to his father within the first degree by consanguinity. *See id.* §§ 573.022, .023(a), (c)(1). A nephew who is a child of a brother or sister of the official is related to the official within the third degree by consanguinity. *Id.* §§ 573.022, .023(c)(3). Your predecessor stipulated that the son and the nephew are related to the Chief in the first and third degrees, respectively, by consanguinity. *See* Lewis Letter, *supra*, at 2.

A relative who has been continuously employed in a particular position for a specified period of time immediately before the relative is elected or appointed to office may retain that employment. *See* TEX. GOV'T CODE ANN. § 573.062(a) (Vernon 1994). But if a public employee continues in his or her position, the public official related to the employee may not deliberate or vote "on the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal of the individual if that action applies only to the individual and is not taken regarding a bona fide class or category of employees." *Id.* § 573.062(b). Likewise, a sole officeholder, as opposed to a member of a multi-member board, may not approve "the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal," *id.*, of an individual related within a prohibited degree to the officeholder unless the action applies to a bona fide class of employees. *See Cain v. State*, 855 S.W.2d 714, 716-18 (Tex. Crim. App. 1993) (en banc).

The Chief is a public official for purposes of chapter 573 of the Government Code. *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 659 (Tex. Civ. App.–Eastland 1981, no writ) (stating that public official has nondelegable final authority to appoint or employ); Tex. Att'y Gen. Op. No. DM-2 (1991) at 1 (stating that application of nepotism law depends upon whether official <u>may</u> exercise control over hiring decisions). In accordance with the City of Corpus Christi's collective-bargaining agreement with the Corpus Christi Police Officers Association, the Chief has exclusive authority to finally approve all interdepartmental transfers. *See* Jimenez Letter, *supra*, at 1; Lewis Letter, *supra*, at 1. The Chief consequently must abstain from appointing, reappointing, employing, reemploying, changing the status or compensation of, or dismissing his relatives if the action permits the exercise of discretion.

Your predecessor suggested that the transfers here are changes in status in the context of section 573.062(b) of the Government Code, *see* Lewis Letter, *supra*, at 3-4, and he thus apparently assumed that these transfers are not appointments, reappointments, employments, reemployments, or changes in compensation. *See* TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994). Our discussion of these transfers as changes in status does not suggest that the transfers might not also be within the rubric of any of the other employment actions listed in section 573.062(b).

In our opinion, the phrase "change in status" includes a reassignment within an organization, whether or not a change in salary level accompanies the reassignment. The statute itself does not define the phrase "change in status." In such a case, we must apply definitions that comport with common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). "Change" refers to a variance of conditions or circumstances. III OXFORD ENGLISH DICTIONARY 15 (2d ed. 1989). The word "status" is not limited to an individual's salary level; rather, it refers broadly to an individual's "position or standing in . . . a profession." XVI *id.* at 573; *see also Boaden v. Department of Law Enforcement*, 642 N.E.2d 1330, 1335 (Ill. App. Ct. 1994), *aff'd*, 664 N.E.2d 61 (Ill. 1996) (defining "status" as state or condition or "legal relation of individual to the rest of the community"); *Lowry v. Sanai Hosp.*, 343 N.W.2d 1, 2 (Mich. Ct. App. 1983), *rev'd on other grounds sub nom. Miller v. C.A. Muer Corp.*, 362 N.W.2d 650 (Mich. 1984) (defining "status" to refer to "one's standing or

position"). Because these transfers have varied the conditions of the employees' employment, they are changes in status under section 573.062(b) of the Government Code.

Moreover, the legislative history of the substance of section 573.062(b), as a whole, indicates that the legislature intended to preclude a public official from participating in *all* employment actions that affect the official's relative, with the exception of those affecting a "bona fide class" of employees. Documents explaining the effect of the 1985 enactment of this text, *see* Act of May 9, 1985, 69th Leg., R.S., ch. 152, § 1, 1985 Tex. Gen. Laws 682, 683 (amending former article 5996a of the Revised Civil Statutes), suggest that it applies to every future employment decision regarding an employee related to the public official unless the decision applies to a bona fide class of employees:

> This bill amends [the nepotism statute] to provide that when a person falls within an exception to the nepotism rule and is allowed to continue in employment, the person related to him within the prohibited degree may not participate *in future employment decisions* regarding the employee, unless the decisions apply to a bona fide class or category of employees . . . .

SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. C.S.S.B. 599, 69th Leg., R.S. (1985) (emphasis added). Likewise, members of the House were informed that "[t]he bill would prohibit the appointed or elected relative from participating *in any deliberation or decision* that pertain[s] specifically to the relative exempted by this law." HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. S.B. 599, 69th Leg., R.S., at 2 (1985) (emphasis added).

The Texas Court of Criminal Appeals and this office, consistently with the legislative intent, have broadly construed the substance of section 573.062(b) of the Government Code. The Texas Court of Criminal Appeals described the statute as preventing a sole officeholder from "taking *any action* with regard to the employment of a relative." *Cain v. State*, 855 S.W.2d at 718 (dicta). Attorney General Opinion DM-46 similarly suggests that the substance of section 573.062(b) applies to any action of a public officeholder concerning the employment of a relative within the prohibited degree that allows for the preference or discretion of the officeholder. Tex. Att'y Gen. Op. No. DM-46 (1991) at 4.

We conclude that the Chief may not approve the interdepartmental transfers of his son and his nephew if the approvals permit the Chief to exercise discretion. Under section 573.062(b), a public official may not participate in any action affecting the employment of a relative within a prohibited degree that requires the official to make a subjective decision about the employee. Because the interdepartmental transfers at issue affect the employment of the Chief of Police's son and relative, section 573.062(b) requires the Chief to refrain from approving the transfers if the approvals allow him to exercise any discretion. *See also Cain*, 855 S.W.2d at 718.

We cannot finally determine whether approval of these particular transfers requires the Chief to exercise discretion. Although you have told us that the Chief is authorized to finally approve the transfers, you have not indicated whether, under the collective-bargaining agreement or any applicable civil statutes, *see* TEX. LOC. GOV'T CODE ANN. ch. 143 (Vernon 1999 & Supp. 2000), the approval is ministerial or allows the Chief to exercise discretion. In any event, this office would not construe a collective-bargaining agreement or make fact findings based on construction of such an agreement. *See* Tex. Att'y Gen. Op. No. JC-0165 (2000) at 1.

## S U M M A R Y

Section 573.062(b) of the Government Code requires a public official to decline to participate in any action affecting the employment of a relative within a prohibited degree that requires the official to make a subjective decision about the employee. The phrase "change in status" includes a reassignment that is not taken with respect to a "bona fide class or category of employees."

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee