

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 12, 2003

The Honorable Norman Arnett
Stonewall County Attorney
P.O. Box 367
Aspermont, Texas 79502

Opinion No. GA-0121

Re: Whether the nepotism laws in chapter 573 of the Government Code prohibit the sheriff's office from employing an individual who had been continuously employed in the sheriff's office for more than seven years before marrying the sheriff (RQ-0069-GA)

Dear Mr. Arnett:

You ask whether the nepotism laws in chapter 573 of the Government Code prohibit the sheriff's office from employing the sheriff's spouse who had been continuously employed by the sheriff's office for more than seven years before marrying the sheriff.[1]

The sheriff of Stonewall County was first elected for a term of office beginning January 1, 1989, and has been reelected for terms beginning on January 1 of 1993, 1997, and 2001. *See* Request Letter, *supra* note 1, at 1. In November 1992, the sheriff employed an individual as a dispatcher and the individual still holds that position. The individual and the sheriff were married in May 2000. You state that the individual's position is at-will, subject to the sheriff's sole discretion.[2]

Section 573.041 of the Government Code states the general prohibition against nepotism as follows:

> A public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> (1) the individual is related to the public official within a degree described by Section 573.002; or

---

[1]*See* Letter from Honorable Norman Arnett, Stonewall County Attorney, to Honorable Greg Abbott, Texas Attorney General (June 19, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Telephone Conversation with Honorable Norman Arnett, Stonewall County Attorney (Oct. 1, 2003).

(2) the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by Section 573.002.

TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994). Section 573.062 of the code makes an exception for individuals who have been employed under certain circumstances:

(a) A nepotism prohibition prescribed by Section 573.041 . . . does not apply to an appointment, confirmation of an appointment, or vote for an appointment or confirmation of an appointment of an individual to a position if:

(1) the individual is employed in the position immediately before the election or appointment of the public official to whom the individual is related in a prohibited degree; and

(2) that prior employment of the individual is continuous for at least:

. . .

(C) one year, if the public official is elected at the general election for state and county officers.

(b) If, under Subsection (a), an individual continues in a position, the public official to whom the individual is related in a prohibited degree may not participate in any deliberation or voting on the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal of the individual if that action applies only to the individual and is not taken regarding a bona fide class or category of employees.

*Id.* § 573.062.

As you note, the circumstances of the sheriff and his spouse come within the general nepotism prohibition in section 573.041. *See* Request Letter, *supra* note 1, at 2. A county sheriff is a public official subject to the nepotism laws. *See* TEX. GOV'T CODE ANN. § 573.001(3)(A) (Vernon 1994) (defining "public official" as including a county officer); *see generally Cain v. State*, 855 S.W.2d 714 (Tex. Crim. App. 1993) (en banc) (upholding conviction of sheriff for violating nepotism laws). The sheriff has the sole authority to employ and terminate all employees of the sheriff's office. *See Abbott v. Pollock*, 946 S.W.2d 513, 516-17 (Tex. App.–Austin 1997, writ denied) (holding that sheriff, not commissioners court, has sole authority over employment and termination decisions concerning sheriff's office personnel; employees serve at the sheriff's

discretion); Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3-4 (commissioners court has authority to set budget and number of employees in the sheriff's office, but may not interfere with the sheriff's authority to select assistants). A husband and wife are related to each other within the degree of affinity proscribed by the nepotism statutes. *See* TEX. GOV'T CODE ANN. §§ 573.002 (Vernon 1994 & Supp. 2004) (chapter 573 applies to relationships within the second degree by affinity), 573.024(a)(1) (married individuals are related by affinity), 573.025(a) (husband and wife are related in the first degree by affinity). An individual's employment that begins free from any nepotism may become unlawful when a relationship arises in the course of employment that the nepotism statutes forbid. *See* Tex. Att'y Gen. Op. Nos. V-785 (1949), O-408 (1939); Tex. Att'y Gen. LO-93-114, LO-89-53. When such a relationship arises in the case of an at-will employee, it is presumed that a public official makes a new decision each month to retain the employee, which would violate the nepotism prohibition. *See* Tex. Att'y Gen. Op. No. MW-286 (1980) at 2; Tex. Att'y Gen. LO-93-114, at 1. Thus, section 573.041 would prohibit the sheriff's spouse from further employment in the sheriff's office after the marriage unless she qualifies for an exception to the nepotism prohibition, specifically the continuous employment exception under article 573.062(a).

Section 573.062 is intended to exempt experienced public employees from the nepotism prohibition who "have a year of prior service free of a nepotism relationship." Tex. Att'y Gen. Op. No. JM-636 (1987) at 4.[3] The exclusion in section 573.062 has two criteria: (1) the individual must be employed immediately prior to the election or appointment of the public official who has hiring authority; and (2) that employment must be continuous for the time the statute specifies for the relevant office, in this case, one year. *See* TEX. GOV'T CODE ANN. § 573.062(a)(1)-(2) (Vernon 1994). The individual must have been continuously "employed in the position immediately before the election or appointment of the public official to whom the individual is related." *Id.* § 573.062 (a)(1). The plain language of the statute does not distinguish between a public official's initial election or appointment and any subsequent election or appointment.

On facts analogous to those you describe, this office has determined that a deputy who became the sheriff's brother-in-law had satisfied the statutory exemption and could continue to serve as the sheriff's deputy. *See* Tex. Att'y Gen. LO-93-114. In that opinion, a sheriff had been elected to terms of office beginning on January 1 of 1985, 1989, and 1993. *See id.* at 2. The sheriff appointed an individual as deputy sheriff in 1988 and married the deputy's sister in 1993. *See id.*

---

[3]The opinion discerned the legislature's intent from the emergency clause of the 1949 amendment that added the exception, which provides in part:

> The fact that numerous employees of the State and its agencies and subdivisions whose services are valuable to the State are required to give up such employment because members of their family may be, from time to time, elected to offices in this State under whom such employees hold their employment, and the fact that persons who have continuously served the State prior to the election to some office of a relative should not be discharged for that reason alone, and the fact that the purpose of the nepotism law was not to oust such persons from legitimate employment by the State, create an emergency . . . .

Tex. Att'y Gen. Op. No. JM-636 (1987) at 3 (quoting Act of Apr. 28, 1949, 51st Leg., R.S., ch. 126, § 3, 1949 Tex. Gen. Laws 227, 227).

at 1-2. This office observed that "'under the nepotism statute, prior continuous service is the time served before the board member's election, not the time served before the marriage.'" *Id.* at 2 (quoting Tex. Att'y Gen. Op. No. DM-132 (1992) at 4). The opinion concluded that the deputy qualified for the continuing employment exception because "the deputy had served more than four years prior to the sheriff's election to the term of office beginning January 1, 1993." *Id.*

As you describe the circumstances of your present inquiry, the individual here had been employed for more than five years when the sheriff of Stonewall County began his 1997 term. *See* Request Letter, *supra* note 1, at 1. The sheriff and the individual were not related by affinity until they married in 2000. *See id.* The individual had been continuously employed for longer than the requisite period immediately prior to the sheriff's election for the 1997 term. Consistent with our opinion in Letter Opinion 93-114, we conclude that the sheriff's spouse satisfied the continuing employment exception to the nepotism laws in section 573.062(a).

You are concerned that Letter Opinion 95-070 would support a different conclusion. *See* Tex. Att'y Gen. LO-95-070. In that opinion, we concluded that the spouse of the Midland County attorney could not continue her employment in the county attorney's office. However, the facts involved in that opinion are distinguishable. In Letter Opinion 95-070, the county attorney had served consecutive four-year terms of office beginning January 1, 1985. *See id.* at 1.[4] The county attorney employed an individual in May 1993, and they married in 1995. *See id.* The individual was not employed until after the 1992 election and therefore could not have been continuously employed before the county attorney's election. *See* TEX. GOV'T CODE ANN. § 573.062(a)(1) (Vernon 1994). The opinion determined that the individual could not continue employment after the marriage because the individual was not employed "immediately prior to the election." Tex. Att'y Gen. LO-95-070, at 3.

You are specifically concerned by the statement in Letter Opinion 95-070, that the "prior continuous employment exception is only available if the employee has completed the applicable period of prior continuous service during a time when the relative was not an employer with the power to hire or to fire the employee." *Id.* However, under the circumstances as you describe them, the individual had worked for the Stonewall County sheriff's office for several years prior to the sheriff's election in 1996, thereby satisfying the continuous employment exception before any relationship within the general nepotism prohibition existed.

Although we conclude that the sheriff's spouse has qualified for the exception in section 573.062(a) and may remain in her current employment, we note that the sheriff "may not participate in any deliberation or voting on the appointment, reappointment, . . . change in status, compensation, or dismissal of the individual if that action applies only to the individual and is not taken regarding a bona fide class or category of employees." TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994). *See generally Cain v. State*, 855 S.W.2d 714 (Tex. Crim. App. 1993) (en banc) (upholding conviction of sheriff under nepotism law for giving raises to his son and daughter against void-for-vagueness challenge).

---

[4]Although the opinion does not so state, the county attorney would have been reelected for terms beginning January 1 of 1989 and 1993. *See* TEX. CONST. art. V, § 21 (county attorney's term of office is four years).

**S U M M A R Y**

The employment of the sheriff's spouse in the sheriff's office after their marriage does not violate the nepotism laws in chapter 573 of the Government Code when the individual has held that position continuously for five years before the sheriff was reelected and for more than seven years before they married.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee