

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 12, 2004

The Honorable James L. Keffer
Chair, Committee for Economic Development
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0187

Re: Whether the exception for continuous employment in the general nepotism statute, Government Code chapter 573, applies to an employment relationship prohibited by section 6.05(f) of the Tax Code (RQ-0138-GA)

Dear Representative Keffer:

You ask whether the exception for continuous employment in the general nepotism statute, Government Code chapter 573, applies to an employment relationship prohibited by section 6.05(f) of the Tax Code.[1]

## I.     Legal and Factual Background

Chapter 6 of the Tax Code establishes in each county an appraisal district "responsible for appraising property . . . for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district." TEX. TAX CODE ANN. § 6.01 (Vernon 2001). Each appraisal district is governed by a board of directors, five of whom are appointed by the participating taxing units. *Id.* § 6.03(a) (Vernon Supp. 2004). Section 6.05 requires each appraisal district to establish an appraisal office and provides that the chief appraiser, who is appointed by the board and serves at the board's pleasure, "is the chief administrator of the appraisal office." *Id.* § 6.05(a), (c) (Vernon 2001). The chief appraiser "may employ and compensate professional, clerical, and other personnel as provided by the budget." *Id.* § 6.05(d).

Your question involves an employment prohibition applicable to chief appraisers, Tax Code section 6.05(f). That provision prohibits a chief appraiser from hiring certain relatives of appraisal district directors. *See id.* § 6.05(f). Chapter 573 of the Government Code, which applies to all state and local public officials, prohibits public officials from employing their close relatives, *see* TEX. GOV'T CODE ANN. §§ 573.001(3), .002, .041 (Vernon 1994), but provides an exception for a relative who has been continuously employed in a position for some time before the public official's election or appointment, *see id.* § 573.062. You explain that a school district has nominated a school board

[1]*See* Letter from Honorable James L. Keffer, Chair, Committee for Economic Development, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Nov. 20, 2003) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

member as a candidate for the Grimes County Tax Appraisal District Board of Directors. *See* Request Letter, *supra* note 1, at 1. The candidate is the son of an appraisal district employee. She is employed by the chief appraiser and has served in her position for over 15 years. On behalf of the school district, you ask whether the chapter 573 continuous-employment exception, section 573.062, applies to an employment relationship prohibited by section 6.05(f) of the Tax Code. *Id.* If it does, the employee may retain her job in the event her son becomes an appraisal district director.

## II.    Analysis

In construing Government Code section 573.062 and Tax Code section 6.05(f), we attempt to give effect to the legislature's intent. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do that, we construe the statutes according to their plain language. *See id.* ("We endeavor to discover what the Legislature intended from the actual language it employed."); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, must be construed accordingly. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) (Code Construction Act). Furthermore, in ascertaining the intent of the legislature, all laws bearing on the same subject are to be considered and given effect. *See Jessen Assocs., Inc. v. Bullock*, 531 S.W.2d 593, 600 (Tex. 1975).

Chapter 573 prohibits a "public official" from appointing, confirming the appointment of, or voting for the appointment of the public official's relative and, if the public official serves on a board, a relative of another board member.[2] Under chapter 573, a "public official" is an officer of a state or local entity, an officer or member of a state or local board, or a judge. *See* TEX. GOV'T CODE ANN. § 573.001(3) (Vernon 1994). The term "public official," as used in chapter 573, "has been interpreted to designate only an officer who may exercise authority over a governmental entity's appointment or employment decisions." Tex. Att'y Gen. Op. Nos. GA-0123 (2003) at 2 (citing *Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.–Eastland 1981, no writ)), JC-0193 (2000) at 3.

Section 6.05(g) of the Tax Code expressly makes chief appraisers subject to chapter 573:

> The chief appraiser is an officer of the appraisal district for purposes of the nepotism law, Chapter 573, Government Code. An appraisal district may not employ or contract with an individual or the spouse of an individual who is related to the chief appraiser within the first degree by consanguinity or affinity, as determined under Chapter 573, Government Code.

---

[2]*See* TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994) ("A public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if: (1) the individual is related to the public official within a degree described by Section 573.002; or (2) the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by Section 573.002.").

TEX. TAX CODE ANN. § 6.05(g) (Vernon 2001); *see also* Tex. Att'y Gen. Op. No. JM-72 (1983) at 4 (holding that a chief appraiser is an officer under statutory predecessor to chapter 573).

Section 6.05(g) does not address a chief appraiser's authority to employ appraisal district directors' relatives. Furthermore, section 573.041 of the Government Code, the general nepotism statute's operative provision, prohibits a public official from employing or voting on the employment of his or her close relative, *see* TEX. GOV'T CODE ANN. 573.041(1) (Vernon 1994), and prohibits a public official who exercises employment authority as a board member from employing or voting on the employment of an individual who is closely related to other board members, *see id.* § 573.041(2):

> A public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> (1) the individual is related to the public official within a degree described by Section 573.002; or
>
> (2) the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by Section 573.002.

*Id.* § 573.041. But chapter 573 does not prohibit an executive administrator, who is a public official but does not exercise employment authority as a member of the entity's board, from employing board members' relatives. *See id.* § 573.041(2). Thus, chapter 573 does not prohibit a chief appraiser from employing appraisal district directors' relatives. However, the legislature addressed that possibility in section 6.05(f), which expressly prohibits a chief appraiser from employing directors' relatives:

> The chief appraiser may not employ any individual related to a member of the board of directors within the second degree by affinity or within the third degree by consanguinity, as determined under Chapter 573, Government Code. A person commits an offense if the person intentionally or knowingly violates this subsection. An offense under this subsection is a misdemeanor punishable by a fine of not less than $100 or more than $1,000.

TEX. TAX CODE ANN. § 6.05(f) (Vernon 2001).

You ask about the chief appraiser's authority to employ a relative of a director under Tax Code section 6.05(f). Your query assumes that the word "employ" in this provision embraces not just the initial act of hiring a person, but also the ongoing act of employing the person. We agree with this construction. First, according to its common usage, the word "employ" means "to make use of," "to use or engage the services of," or "to provide with a job that pays wages or a salary." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 480 (9th ed. 1990); *see also* TEX. GOV'T CODE

ANN. § 311.011(a) (Vernon 1998) (Code Construction Act) (words in statutes are construed according to their common usage). Furthermore, general nepotism law, on which section 6.05(f) is clearly modeled, governs not only relatives' hiring but also their ongoing employment, as nepotism conflicts of interest may influence not only a relative's hiring but also any subsequent employment action involving the person. *See* TEX. GOV'T CODE ANN. §§ 573.041 (prohibiting "appointment" of certain persons), 573.062 (continuous-employment exception), 573.083 (prohibiting payment of ineligible employees) (Vernon 1994); *Cain v. State*, 855 S.W.2d 714 (Tex. Crim. App. 1993) (sheriff violated general nepotism law by promoting daughter and increasing compensation of son who were employed under continuous-employment exception). Thus, section 6.05(f) applies to a chief appraiser's authority to continue to employ a person who was employed by the district before the director to whom the person is related became an appraisal district board member.

Your specific question is whether the continuous-employment exception in Government Code section 573.062 applies to employment relationships prohibited by section 6.05(f). Section 573.062 provides as follows:

> (a) *A nepotism prohibition prescribed by Section 573.041 or by a municipal charter or ordinance* does not apply to an appointment, confirmation of an appointment, or vote for an appointment or confirmation of an appointment of an individual to a position if:
>
> (1) the individual is employed in the position immediately before the election or appointment of the public official to whom the individual is related in a prohibited degree; and
>
> (2) that prior employment of the individual is continuous for at least:
>
> > (A) 30 days, if the public official is appointed;
> >
> > (B) six months, if the public official is elected at an election other than the general election for state and county officers; or
> >
> > (C) one year, if the public official is elected at the general election for state and county officers.
>
> (b) If, under Subsection (a), an individual continues in a position, the public official to whom the individual is related in a prohibited degree may not participate in any deliberation or voting on the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal of the individual if that action applies only to the individual and is not taken regarding a bona fide class or category of employees.

TEX. GOV'T CODE ANN. § 573.062 (Vernon 1994) (emphasis added).

Section 573.062's plain language leads us to conclude that it does not apply to an employment relationship prohibited by section 6.05(f). Section 573.062(a) limits the application of "[a] nepotism prohibition prescribed by Section 573.041 or by municipal charter or ordinance." *Id.* Section 573.041 does not prohibit a chief appraiser from employing appraisal district directors' relatives. *See id.* § 573.041. Section 6.05(f) adds an employment prohibition that goes beyond the chapter 573 nepotism prohibitions in that it precludes the chief appraiser from employing board member's relatives. By its express terms, section 573.062(a) does not apply to employment relationships prohibited by section 6.05(f).

It has been suggested that section 6.05(f)'s reference to chapter 573 incorporates the continuous-employment exception.[3] However, it is clear from its plain language that section 6.05(f) references chapter 573 only with respect to computing degrees of relationship: "The chief appraiser may not employ any individual related to a member of the board of directors *within the second degree by affinity or within the third degree by consanguinity, as determined under Chapter 573, Government Code.*" TEX. TAX CODE ANN. § 6.05(f) (Vernon 2001) (emphasis added).

Legislative history supports this conclusion. *See* TEX. GOV'T CODE ANN. § 311.023(1), (3) (Vernon 1998) ("In construing a statute, . . . a court may consider among other matters . . . the object sought to be attained [and] legislative history."). As originally enacted in 1989, section 6.05(f) made no reference to chapter 573's statutory predecessor, former articles 5996a-5996g. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 796, § 7, 1989 Tex. Gen. Laws 3591, 3593. By contrast, section 6.05(g) provided that the chief appraiser "is an officer for purposes of the nepotism law, Article 5996a." *Id.* In 1991, the legislature enacted article 5996h, to adopt the civil-law method for computing degrees of relationship, *see* Act of May 25, 1991, 72d Leg., R.S., ch. 561, § 1, 1991 Tex. Gen. Laws 1979, 1979-80 (adopting article 5996h), and amended all other state statutes that referred to relationships by affinity and consanguinity for any purpose to use that method as well by inserting references to article 5996h, *see id.* §§ 2-99. Among many other such amendments, section 6.05(f) was amended to provide that affinity and consanguinity were to be "determined under article 5996h." *Id.* § 44. The bill's purpose was not to incorporate into section 6.05(f) state-law nepotism provisions, such as the continuous-employment exception, but to standardize the method for computing degrees of relationship throughout Texas statutes. *See* HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 1345, 72d Leg., R.S. (1991) (noting that sections 2-99 of the bill "[a]mend all pertinent Texas law by defining affinity and consanguinity as determined under Article 5996h").

---

[3]*See* Request Letter, *supra* note 1, at 2; Brief from Wesley Johnson, Escamilla & Poneck, Inc., on behalf of Anderson-Shiro Consolidated Independent School District, at 3 ("Tax Code § 6.05(f)'s reference to Chapter 573 . . . as a whole, rather than to specific provisions found within Chapter 573 that define consanguinity and affinity, indicates the legislative intent that all of the nepotism laws set forth within Chapter 573 be applied to a member of a tax appraisal board of directors.").

Furthermore, the 1995 amendment to section 6.05(f) to change the reference from article 5996h to chapter 573 followed article 5996h's codification in chapter 573 in 1993.[4]  The 1995 amendment made no substantive change to section 6.05(f) and did not change section 6.05(f) to incorporate chapter 573 as a whole.  *See* Act of April 25, 1995, 74th Leg., R.S., ch. 76, §§ 1.01 (bill's purpose to make nonsubstantive changes), 5.95 (cross-reference corrections), 5.95(27) (changing numerous references to former article 5996h to "Chapter 573, Government Code"), 1995 Tex. Gen. Laws 458, 458, 543-45.

In sum, by its plain language, section 573.062 permits under certain circumstances the continued employment of a relative whom a public official is prohibited from employing under section 573.041.  *See* TEX. GOV'T CODE ANN. § 573.062(a) (Vernon 1994).  Section 573.041 does not prohibit a chief appraiser from hiring appraisal district directors' relatives.  Section 6.05(f) prohibits a chief appraiser from employing an appraisal district director's relative, a relationship section 573.041 does not address.  Section 573.062's plain language forecloses us from concluding that it applies to a relationship prohibited by section 6.05(f).

---

[4]*See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, §§ 1 (enacting Government Code, chapter 573), 46 (repealing former articles 5996a-5996i), 1993 Tex. Gen. Laws 583, 641-45, 986.

## S U M M A R Y

Section 6.05(f) of the Tax Code provides that a chief appraiser of an appraisal district "may not employ any individual related to a member of the board of directors within the second degree by affinity or within the third degree by consanguinity." The exception for continuous employment in the general nepotism statute, Government Code chapter 573, does not apply to an employment relationship prohibited by section 6.05(f).

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee