**Woodrow BEAN, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–84–00108–CR.

Court of Appeals of Texas,
El Paso.

May 8, 1985.

Joseph (Sib) Abraham, Jr., Charles Louis Roberts, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for official misconduct in the form of nepotism. The jury assessed punishment at a fine of $500.00. We affirm.

Appellant has conceded the following facts:

1. Appellant took office as judge of the 243rd Judicial District Court, El Paso County, on September 1, 1977;

2. He remained in office until December 31, 1982, following an unsuccessful bid for reelection;

3. On or about March 22, 1981, he appointed C.R. Bramblett, his uncle, to represent an indigent criminal defendant, Efren Castro Ibanez, in a felony escape prosecution in the 243rd Judicial District Court;

4. Appellant and C.R. Bramblett are within the prohibitive degree of affinity to each other;

5. In June, 1981, Appellant approved a pay voucher for Bramblett which was subsequently approved by the Commis-

sioners' Court and paid from the general fund of El Paso County.

■ In Ground of Error No. One, Appellant contends that his motion to quash the indictment should have been granted since the charging instrument "fails to negate the proviso contained in the statute." Tex. Rev.Civ.Stat.Ann. art. 5996a (Vernon Supp. 1985) prohibits the acts conceded above:

[P]rovided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.

Tex.Penal Code Ann. sec. 2.02(b) (Vernon 1974) provides that an exception to an offense must be negated in the charging instrument and disproven by the State beyond a reasonable doubt. Section 2.03(b) (Vernon 1974) provides that a defense need not be negated in an indictment, although it still must be disproven beyond a reasonable doubt if raised by the evidence. Section 2.03(e) states that, "[a] ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense." We construe the proviso in Article 5996a as a defense, not as an exception. In addition to Penal Code Section 2.03(e), support for this conclusion may be found in the legislature's enactment of Article 5996g, expressly setting out "exceptions" to the nepotism statutes, none of which reiterate the proviso in Article 5996a. As a defense, the terms of the proviso need not be negated in the State's pleading. Ground of Error No. One is overruled.

■ In Ground of Error No. Two, Appellant contends that the above mentioned defense was established conclusively at trial and that an instructed verdict of acquittal should have been granted. It is Appellant's position that since Bramblett's appointment in the alleged case took place on March 22, 1981, and since Bramblett had been "continuously" appointed and serving as counsel for various indigents in El Paso County since April, 1976, this appointment came within the two years of prior service defensive proviso of Article 5996a. The contention is totally without merit and evidences a complete misreading of the statutory defense.

In the first place, repeated appointments to represent different indigent clients in different cases over a six-year period does not constitute continuous employment in one position. Mr. Bramblett was not a full or part-time public defender. Each appointment represents a separate employment.

Secondly, of the criminal appointments of Bramblett listed in Defense Exhibit One and testified to by Bramblett, only the capital murder, murder and escape cases of Efren Castro Ibanez were in the Appellant's 243rd District Court. Appointments in other courts by other judges, district, county and justices of the peace, over the six-year period did not present issues of nepotism.

■ Finally, in assessing the base point for the two-year computation, Appellant is erroneously utilizing the date of Bramblett's appointment in the Ibanez case. Under the statute, nepotism occurs when an employee is appointed, hired, voted for or confirmed 1) directly by his relative or 2) by a board, legislature or court of which his relative is a member. The defense applies if the employed relative has continuously served for two years prior to the election or appointment of his relative who either directly employs him or is a member of a body which employs him. The critical date is September 1, 1977, when Appellant assumed his office as district judge. Bramblett was not working as counsel for Ibanez in the alleged case for two continuous years prior to September, 1977. Indeed, all of Bramblett's various

service as appointed counsel in different cases commenced in April, 1976, seventeen months prior to Appellant's assumption of office. Bramblett was first licensed to practice law in January, 1976, twenty months prior to the base date. The motion for an instructed verdict was properly refused. Ground of Error No. Two is overruled.

Ground of Error No. Three alleges that the evidence was insufficient to support the guilty verdict, reasserting the statutory defense described above. For the same reasons, it is overruled.

■ Ground of Error No. Four alleges that the provisions of Article 5996a are unconstitutionally vague and fail to give notice of the proscribed conduct. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). We find the wording of the statute clear and unambiguous. Ground of Error No. Four is overruled.

Ground of Error No. Five contends that the court erred in instructing the jury as to the defense discussed in Ground of Error No. Two by utilizing Appellant's assumption of office and not Bramblett's appointment date as the base point for computing the two years of prior service. As previously indicated, the date Appellant took office is the correct date under the statute and the jury was properly instructed. Ground of Error No. Five is overruled.

■ Grounds of Error Nos. Six and Seven assert that the trial court should have dismissed the indictment due to irregularities in the grand jury proceeding attributable to the bias of the convening judge. On April 1, 1982, Judge Woodard of the 34th Judicial District Court appeared as a sworn witness before the county grand jury which he had convened. In his brief, Appellant contends that Judge Woodard gave testimony dealing with extraneous offenses and bad reputation on the part of the Appellant. He stated among other things that Appellant conducted a fraudulent campaign against him prior to 1977, that Appellant was incompetent, that he

was the product of corrupt politicians, that he did not trust Appellant and that Appellant had no urge to follow the law. Appellant has presented no statutory or case authority supporting these grounds of error. The disqualification provisions referred to in his brief apply to judges presiding at trial. It is apparent from the partial transcription of the grand jury proceedings in this matter (all of Judge Woodard's testimony) that Judge Woodard did not initiate his own appearance as a witness. One juror expressed the reason for summoning Judge Woodard:

Okay. Your Honor, we have had testimony this morning concerning several lawyers, who have come here to testify on behalf of Judge Bean; and, they sort of implied or brought out and told us that possibly this type of investigation might have been politically motivated. And since the elections are coming up pretty soon, we would like to have an answer from you. They also discussed a situation where you had a confrontation with Judge Bean, supposedly, at a bar . . .

And that you, apparently or allegedly, assaulted him.

.     .     .     .     .

And another incident was that he ran against you and you won—

.     .     .     .     .

For the particular court. Could you explain the issue for us?

The earlier testimony from witnesses favorable to Appellant which triggered this inquiry is not contained in the record. The significant factors, however, are that Judge Woodard did not volunteer or initiate his testimony. His responses were limited to the specific inquiries of the grand jury touched off by the counter-accusations of Appellant's witnesses. Furthermore, prior to answering the grand jury's questions, Judge Woodard stated:

Sure. Now, I think from this period on, we had better state, Mr. Bradford [attorney for the State] that if there are any questions of law that come in, in regard to this case, they ought to be taken to

Judge Berliner [171st Judicial District Court], so we won't have any problem there.

At that point Judge Woodard took the only course available to him. Due to the inquiries raised by Appellant's witnesses, he was in the posture of a witness and could not refuse to answer the grand jurors' questions. He did, however, divest himself of his consulting authority as convening judge. Tex.Code Crim.Pro.Ann. art. 20.06 (Vernon 1977). From that point on Judge Woodard functioned as a witness only, answered only those questions posed by the grand jurors and presented testimony not atypical of other grand jury witnesses.

Regardless of Judge Woodard's testimony, Appellant's due process rights were adequately safeguarded by the ensuing deliberation of the grand jury, the rulings of the trial court and the assessment of the evidence by the trial jury. The stipulated evidence, coupled with the testimony of Appellant and Bramblett, was tantamount to a confession. Appellant's primary defenses were ignorance of the law and the statutory defensive proviso. Appellant testified that at the time of the appointment he was unaware of either Article 5996a or Canon 3 B(4) of the Code of Judicial Conduct (Vernon Supp.1985). This is no defense. Tex.Penal Code Ann. sec. 8.03(a) (Vernon 1974). The statutory defense was clearly shown to be inapplicable from Bramblett's testimony. In light of such a record, Judge Woodard's testimony before the grand jury could hardly be said to have deprived Appellant of due process of law. Grounds of Error Nos. Six and Seven are overruled.

The judgment is affirmed.