Honorable Tom O'Connell Criminal District Attorney Collin County Courthouse McKinney, Texas 75069
Re: Whether employment as a substitute teacher constitutes continuous employment under the nepotism statute, article 5996a, V.T.C.S. (RQ-1261)
Dear Mr. O'Connell:
You ask about the application of the nepotism law to a specific situation. You explain that a teacher was employed full-time for the school years 1978-1979, 1979-1980 and 1981-1982. The teacher resigned in the spring of 1982 and her name was placed on the substitute list. She served intermittently as a substitute teacher until January of 1987 and then worked as a part-time teacher for the remainder of the school year. In September, 1987, she began work as a full-time teacher and continues in that capacity. The teacher's spouse was elected to the school board of trustees in April, 1984, and continues to serve on that board.
The question is whether the teacher's service as a substitute satisfies the continues employment exception to the general prohibition of nepotism found in article 5996a, V.T.C.S.
At the time that the spouse was elected to the school board, article 5996a read as follows:[1]
 No officer of . . . any . . . school district . . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity. . . . [P]rovided, that nothing herein contained . . . shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to . . . the election or appointment of the officer or member related to such employee in the prohibited degree.
Acts 1951, 52d Leg., ch. 97, § 1, at 159.
This article applies to school board trustees and to the employment of teachers. Attorney General Opinion Nos. JM-636
(1987); JM-371 (1985); O-6259 (1945).
The spouse of an officer to whom the nepotism statute applies is related within the first degree of affinity. Attorney General Opinion V-785 (1949); see also Attorney General Opinion Nos.JM-371 (1985); H-993 (1971).
The information provided to us indicates that the teacher resigned her employment as a full-time teacher and her name was added to a list of persons available to serve as substitute teachers. As we understand it, having one's name put on this `substitute list' creates neither a guarantee of being contacted by the school district to serve as a substitute teacher, nor an obligation to accept a teaching assignment if offered one. The teacher about whom you inquire was not a party to any continuing contract.
We distinguish the current situation from that of a school district auditor. In Attorney General Opinion JM-45 (1983) this office found that if a school district auditor was continuously under contract for two consecutive years prior to the election of his first cousin to the school board, the auditor could continue his employment for the school board after his cousin took office. The auditor, like the substitute teacher, was performing services on a periodic basis, but, unlike the substitute teacher, the auditor was employed by the school district by virtue of his contract.
The substitute teacher's status is more analogous to that of a court-appointed attorney. In Bean v. State, 691 S.W.2d 773
(Tex.App.-El Paso 1985, pet. ref'd), the court found that repeated appointments to represent indigent clients did not constitute continuous employment; but rather that `[e]ach appointment represents a separate employment.' Id. at 775 (emphasis added). The same is true in this instance. The employment relationship does not exist until the school district offers temporary work to someone on the list of available substitutes, and the person accepts the assignment.[2]
Therefore, based on the fact that the teacher was not continuously employed for two years before her spouse was elected to the board but served periodically on a substitute basis, the two year continuous prior employment provision was not triggered. In our opinion, her employment as either a full-time, a part-time, or a substitute teacher by the school district during her spouse's tenure on the school board violates the nepotism statute.
 SUMMARY
Service as a substitute teacher does not constitute continuous employment under the provision of the nepotism statute which allows continued employment of a person related within the prohibited degree to a school board member.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] Under a 1987 amendment, the requisite length of prior employment is only six months if the officer is elected at an election other than the general election for state and county offices. See Acts 1987, 70th Leg., ch. 427, § 1, at 3958-59. That change, however, does not affect the result in this opinion.
[2] Hence, when the teacher changed from substitute teaching to part-time teaching in January 1987, she did not terminate her employment in order to come within the exception to the nepotism statute found in section 2 of article 5996g, V.T.C.S.