

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 17, 1992

Honorable Romero Molina
Starr County Attorney
P. O. Box 1198
Rio Grande City, Texas 78582

Opinion No. DM-76

Re: Whether nepotism law applies to individuals hired as independent contractors (RQ-111)

Dear Mr. Molina:

You ask whether a school board has authority to employ a second cousin of a member of the board to perform legal services. The Texas nepotism law, article 5996a, V.T.C.S., prohibits a school board from hiring any person related to a board member within the third degree of consanguinity. The 72d Legislature amended the nepotism law to substitute the civil law method of computing degrees of relationship for the common-law method of computing degrees of relationship. Acts 1991, 72d Leg., ch. 561, at 1979. Under the civil law method, second cousins are related within the sixth degree of consanguinity and are therefore not covered by the nepotism law. *Id.; See generally* Attorney General Opinion JM-581 (1986) (describing civil and common law methods for computing degrees of relationship).

You also ask whether the nepotism law applies to a person hired as an independent contractor rather than as a regular school district employee. Attorney General Opinion JM-45 (1983) stated that the nepotism law makes no distinction between "employees" and independent contractors. *See also* Attorney General Opinion O-718 (1939) (nepotism law prohibits county commissioners court from hiring son of county commissioner as architect). *See generally Bean v. State*, 691 S.W.2d 773 (Tex. App.–El Paso 1985, pet. ref'd) (nepotism law prohibits district judge from appointing uncle to represent indigent in criminal case).

You suggest, however, that Attorney General Opinion JM-492 (1986) overruled the holding of Attorney General Opinion JM-45 in regard to independent contractors. The issue in Attorney General Opinion JM-492 was whether a county could contract for the construction of a fence with a company owned by a county commissioner's sons. The opinion stated that a contract between a governmental body and a company owned by relatives of a member of the governmental body was

governed not by the nepotism law but by a 1983 enactment that governs contracts between a local governmental body and business entities in which a member of the governmental body or certain relatives of a member of the governmental body have a financial interest. Acts 1983, 68th Leg., ch. 640, at 4079 (initially codified as V.T.C.S. article 988b; recodified in 1987 as chapter 171 of the Local Government Code) (hereinafter chapter 171). The opinion went on to say that the commissioners court had not violated the nepotism law because "that statute no longer controls county contracts with independent contractors." Although the opinion was correct in concluding that chapter 171 applied to the contract in question, the suggestion in the opinion that the 1983 enactment of the conflict-of-interest law somehow altered the scope of the nepotism law and thereby overruled Attorney General Opinion JM-45 was, we conclude, incorrect.

Conflict-of-interest rules existed in the common law for a considerable time before chapter 171 was adopted. *See, e.g., Meyers v. Walker*, 276 S.W. 305 (Tex. Civ. App.--Eastland 1925, no writ); Attorney General Opinion JM-424 (1986). The enactment of chapter 171 made some changes in the common-law conflict-of-interest rules. Unlike the common-law conflict-of-interest rules, the statutory scheme imputes to a member of a governmental body certain financial interests of his relatives within the first degree of consanguinity.[1] It thus applies to certain contracts in which a public officer's relatives have a financial interest that before the adoption of chapter 171 would have been within neither the nepotism statute nor the common-law conflict-of-interest rules. Chapter 171 did not, as Attorney General Opinion JM-492 suggests, make changes that affected the scope of the nepotism statute. In suggesting that it did, Attorney General Opinion JM-492 erred in focusing on the fact that the contract at issue was with an independent contractor. To determine whether the nepotism law applied, Attorney General Opinion JM-492 should have considered whether the independent contractor was a "person" within the nepotism statute, since the nepotism law applies to the hiring of natural persons. *See Lewis v. Hillsboro Roller-Mill Co.*, 23 S.W. 338 (Tex. Civ. App. 1893, no writ) (judge not disqualified under former V.T.C.S. article 1138, now Government Code section 21.005, to try suit when his brother-in-law is stockholder and president of plaintiff corporation). Thus, the nepotism law applies whenever a governmental body hires a natural person, whether as an employee or as an independent

---

[1]A more significant change is that under the new law, a conflict of interest does not necessarily prevent a governmental body from entering into a contract. Under the common law, a contract was void if there was a conflict of interest.

contractor. If the independent contractor is related to a member of the governing body within a prohibited degree, the nepotism law would prohibit the hiring.

In summary, the nepotism law governs the hiring of an individual, whether the individual is hired as an employee or an independent contractor.[2] To the extent that Attorney General Opinion JM-492 stated that the enactment of V.T.C.S. article 988b (now chapter 171 of the Local Government Code) in 1983 made the nepotism statute inapplicable to an individual independent contractor who is hired to provide personal services, it is incorrect and should be disregarded. Therefore, a school district may not hire an individual related to a board member within a prohibited degree to provide legal services, regardless of whether the individual is hired as a regular employee or as an independent contractor.

## SUMMARY

A county commissioners court may not hire an individual related to a county commissioner within a prohibited degree, regardless of whether the individual is hired as a regular employee or as an independent contractor. Statements in Attorney General Opinion JM-492 (1986) to the effect that the nepotism statute did not apply to an individual hired as an independent contractor are incorrect and should be disregarded.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

---

[2]We do not address the application of the nepotism statute to a situation in which a business entity serves merely as an alter ego of an individual related in a prohibited degree to a member of the governing body.

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General


MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General