OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 24, 2000

Mr. James Nelson
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. JC-0185

Re: Whether a permanent substitute teacher who has been employed as such for six months prior to the election of his sister to school district board has been continuously employed for the purpose of section 573.062 of the Government Code (RQ-0104-JC)

Dear Commissioner Nelson:

On behalf of the La Joya Independent School District (the "District"), your predecessor in office requested our opinion regarding the continuous-employment exception to the antinepotism statute, section 573.062 of the Government Code. The District asks whether a "permanent substitute" teacher may be continuously employed for purposes of the nepotism statute, chapter 573 of the Government Code. Assuming that the permanent substitute has an ongoing employment relationship with the school district, we conclude that the permanent substitute teacher may satisfy the continuous-employment exception to the statutory nepotism prohibition.

The District's question is premised upon a situation in which the District hired, in August 1996, a teacher who had obtained a two-year probationary certification under the Alternative Certification Program. *See* Letter from Jose R. Guerrero, Montalvo & Ramirez, General Counsel to La Joya Independent School District, to Dr. Mike Moses, Commissioner of Education, Texas Education Agency (July 20, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. The District employed the teacher under successive one-year contracts through November 2, 1998, when the teacher resigned his term contract "after losing his certification for failing the . . . exam." *Id.* at 1. When the employee's resignation became effective, he was immediately hired by the District as a "permanent substitute teacher in the same teaching position, at a daily rate of $95.00. The teacher's duties and the responsibilities remain the same." *Id.*

Meanwhile, in May 1999 the permanent substitute's sister was elected to the District's Board of Trustees. *Id.* Assuming that the permanent substitute retains his position, the District would like to hire him on a full-time basis if he becomes certified. *See id.* The District asks whether employment as a permanent substitute may constitute "continuous employment" for the purposes of section 573.062 of the Government Code so that the District may retain him as a permanent substitute or, should he become certified, promote him. *See id.*

Since the original request was made, the individual employed as a permanent substitute with the District took a position with the city manager's office. Accordingly, whether the District may promote this particular permanent substitute to a certified teaching position is no longer in question. But because the permanent-substitute arrangement "involves a reasonably common employment arrangement for school districts in Texas," you ask that we consider generally whether a permanent substitute may be continuously employed for the purposes of section 573.062 of the Government Code, so that a school district may retain or promote a permanent substitute upon the election to the school board of the permanent substitute's relative. Letter from Jim Nelson, Commissioner of Education, Texas Education Agency, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General (Jan. 7, 2000). To answer the question generally, we assume that the permanent substitute has been employed by the school district in that position for six months immediately prior to the time his or her relative is elected to the school board or for thirty days prior to the date his or her relative is appointed to the school board. *See* TEX. GOV'T CODE ANN. § 573.062(a)(2)(A), (B) (Vernon 1994).

By hiring an individual as a "permanent substitute," a school district avoids the statutory requirement that all teachers, teacher interns, or teacher trainees must be certified as such consistently with sections 21.031 through 21.057 of the Education Code. *See* TEX. EDUC. CODE ANN. § 21.003 (Vernon 1996); *see also id.* §§ 21.031-.057 (Vernon 1996 & Supp. 2000) (pertaining to "Certification of Educators"). A certified classroom teacher must be employed under a probationary contract, a continuing contract, or a term contract. *See id.* § 21.002(a) (Vernon 1996); *see also id.* §§ 21.101-.106 (Vernon 1996 & Supp. 2000) (probationary contract); *id.* §§ 21.151-.160 (Vernon 1996) (continuing contract); *id.* §§ 21.201-.213 (term contract). An individual not certified to teach may teach if the school district that wishes to employ the individual obtains a teaching permit from the State Board of Educator Certification. *See id.* § 21.055(a). *But see id.* § 21.057 (Vernon Supp. 2000) (requiring school district that assigns uncertified teacher to same classroom for more than thirty consecutive instructional days during same school year to notify parents of students in that classroom). In this opinion, to clearly distinguish between a "permanent substitute," a certified teacher employed by contract, and a substitute employed on a day-to-day basis, we will refer to the first as an "uncertified teacher;" to the second as a "certified teacher;" and to the third as a "substitute teacher."

Under the antinepotism statutes, a school board generally may not appoint an individual to a position that is compensated from public funds if the individual is related within the third degree by consanguinity or within the second degree by affinity. *See* TEX. GOV'T CODE ANN. §§ 573.002, .041 (Vernon 1994). Because you have asked us to consider the continuous-employment issue generally, we assume that the uncertified teacher is related within a prohibited degree to a member of the school district board of trustees.

Two exceptions to this general statutory prohibition allow a governing body to hire the close relative of a member of the governing body in certain circumstances. First, section 573.061 excepts the appointment or employment of a substitute teacher by a school district. *See id.* § 573.061(6) (Vernon Supp. 2000). This exception does not apply to a school district's appointment of a certified

teacher. Nor may a school district that wishes to promote a substitute or an uncertified teacher to a certified teaching position avail itself of this exception.

Second, section 573.062 excepts the appointment or employment of an employee who has been continuously employed in a particular position for six months before the election of the public official to whom the individual is related in the prohibited degree. *See id.* § 573.062(a)(1), (2)(B) (Vernon 1994). An individual who has been continuously employed in that position for the requisite duration may not only retain his or her position but may be the subject of an action affecting the employment, such as a promotion or raise, if "the public official to whom the individual is related in a prohibited degree" does not participate in any discussion or vote regarding the individual's status, unless the decision concerns "a bona fide class or category of employees." *Id.* § 573.062(b). Thus, if an uncertified teacher may be said to be "continuously employed" for the purposes of section 573.062 of the Government Code, and if the uncertified teacher has been continuously employed as such for the period of time set forth in section 573.062(a)(2), then he or she may be "promoted" to the rank of certified teacher upon his certification so long as the teacher's relative on the school board does not participate in any discussion or vote on the issue in accordance with section 573.062(b) of the Government Code.

What is meant by "continuous employment" is not defined in the statute. "Continuous" employment denotes employment "[u]ninterrupted in time . . . ; connected; unbroken. III OXFORD ENGLISH DICTIONARY 830 (2d ed. 1989); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (requiring that statutory words and phrases be construed consistently with common usage). Whether in any particular situation an uncertified teacher has an ongoing, uninterrupted employment relationship with a school district is a fact question that cannot be resolved in the opinion process. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

Two previous opinions of this office suggest that intermittent, interrupted periods of employment do not constitute continuous employment. Attorney General Opinion JM-861 concludes that service as a "substitute teacher" does not constitute continuous employment. *See* Tex. Att'y Gen. Op. No. JM-861 (1988) at 3. The substitute teacher in that case had "her name . . . added to a list of persons available to serve as substitute teachers. . . . [H]aving one's name put on this 'substitute list' creates neither a guarantee of being contacted by the school district to serve as a substitute teacher, nor an obligation to accept a teaching assignment if offered one." *Id.* at 2. Thus, the substitute teacher "was not a party to any continuing contract." *Id.* Attorney General Letter Opinion No. 92-75 similarly concludes that a "regular substitute" cafeteria worker for a school district is not continuously employed for purposes of the nepotism laws. Tex. Att'y Gen. LO-92-75, at 3. The regular substitute was described as "an individual who has been placed on a list of substitutes, [who] is regularly called upon to work." *Id.* at 2. Because the regular substitute had not been working under a contract of continuing employment, she did not have "the same guarantees and obligations as an individual" who had been working under such a contract. Thus, a substitute,

employed on an intermittent, day-to-day basis by a school district is not continuously employed for the purposes of the antinepotism laws.

To the extent Attorney General Opinion JM-861 and Letter Opinion No. 92-75 focus upon the fact that the substitute employees were not subject to "continuing contracts," they require clarification. First, the term "continuing contract" is a term of art in the Education Code referring to a contract of employment between a school district and a certified teacher, principal, librarian, nurse, or counselor under sections 21.151 through 21.160 of the Education Code. *See* TEX. EDUC. CODE ANN. § 21.002 (Vernon 1996). School district employees who have term contracts or probationary contracts do not have continuing contracts with the school district, *see id.*, yet they may be continuously employed for the purposes of section 573.062 of the Government Code. Second, an at-will employee may be continuously employed for purposes of the antinepotism statute, *see* Tex. Att'y Gen. Op. No. V-1142 (1951) at 4, despite the fact that the employee may not contract with his or her employer to limit either party's authority to terminate the relationship at will, *see* *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 644 (Tex. 1994).

Rather than focusing on the existence of a "continuing contract," section 573.062 focuses on the continuing nature of the employment relationship. Hence, a judge's "repeated appointments" of his uncle "to represent indigent clients in different cases over a six-year period does not constitute continuous employment in one position." *Bean v. State*, 691 S.W.2d 773, 775 (Tex. App.–El Paso 1985, pet. ref'd). By comparison, a certified public accountant retained by a school district on a yearly basis who performed services during only part of the year may qualify for the continuous-employment exception. *See* Tex. Att'y Gen. Op. No. JM-45 (1983) at 3.

We conclude that an uncertified teacher who is an at-will employee of a school district may satisfy the continuous-employment exception to the nepotism prohibition. *See* TEX. GOV'T CODE ANN. §§ 573.041, .062 (Vernon 1994). As the uncertified-teacher position has been described to us, an uncertified teacher has an ongoing, uninterrupted employment relationship with the school until and unless the relationship is terminated by either party:

> [T]he district characterizes a "permanent" substitute as a non-certified person who is employed to fill a teaching vacancy until such vacancy can be filled with a certified teacher. The permanent substitute teacher, unlike other substitute teachers, is not placed on a substitute list, but rather is given the assignment and is expected to report to work everyday until a certified teacher is employed to fill the position or until he is terminated for any other reason. He has been offered a continuous assignment for an indefinite period of time, so he is like any other at-will employee.

Request Letter, *supra*, at 3-4. Accordingly, should a relative of an uncertified teacher who has been continuously employed by a school district for the requisite period be appointed or elected to the school district board, the uncertified teacher may retain his or her position. Additionally, should the

uncertified teacher become certified as a teacher, the school district board may promote the teacher to a position as a certified teacher so long as the relative does not participate in the board's deliberation or vote on the employment action.

## S U M M A R Y

An individual employed as an uncertified teacher in an at-will employment relationship with a school district may be continuously employed for the purposes of section 573.062 of the Government Code. The uncertified teacher must be employed as such for the period of time specified in section 573.062 "immediately before the election or appointment of" a public official to whom the permanent substitute is related in third degree by the consanguinity or the second degree of affinity to retain his or her position. An uncertified teacher who has been continuously employed for the period specified in section 573.062 also may be promoted to the rank of certified teacher (upon receipt of certification) if the related public official does not participate in the discussion or vote.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee