ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 22, 2013

The Honorable Jeri Yenne
Brazoria County Criminal District
   Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-1024

Re: Whether an employee with consistent but periodic delivery of employment services qualifies for the nepotism continuous-employment exception in Government Code section 573.062
(RQ-1125-GA)

Dear Ms. Yenne:

You ask whether an at-will employee who consistently but periodically delivers employment services qualifies for the continuous-employment exception under section 573.062 of the Texas Government Code.[1] Section 573.062 is an exception to the nepotism prohibition of section 573.041, which provides generally that a public official may not appoint an individual to a position that is compensated from public funds if the individual is related to the public official within the third degree by consanguinity or the second degree by affinity. TEX. GOV'T CODE ANN. § 573.041(1) (West 2012); *see id.* § 573.002 (establishing degrees of relationship to which chapter 573 applies). Section 573.062 provides that the nepotism prohibition does not apply if:

> (1) the individual is employed in the position immediately before the election or appointment of the public official to whom the individual is related in a prohibited degree; and
>
> (2) that prior employment of the individual is continuous for at least:
>
> (A) 30 days, if the public official is appointed;

---

[1] Letter from Honorable Jeri Yenne, Brazoria Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 3 (Apr. 24, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

(B) six months, if the public official is elected at an election other than the general election for state and county officers;

(C) one year, if the public official is elected at the general election for state and county officers.

*Id.* § 573.062(a).

Your request concerns the grandson of a current member of the Alvin Independent School District Board of Trustees (the "District") who was first elected to his position in 2008 and then reelected in 2011. Request Letter at 2. You state the facts surrounding the grandson's employment situation as follows.[2] Prior to the board member's election in May 2008, his grandson had worked for the District for approximately eleven months on a "consistent, part-time basis" and continued to work in this capacity after the election until he left to attend college in August 2008. *Id.* The grandson did not resign his position, nor was he terminated, and there was an understanding, "based on an oral agreement between the District and the grandson," that the grandson would return to work for the District in the summer of 2009. *Id.* at 2, 4–5. During the grandson's absence, the District kept him on the payroll and considered him a standing employee. *Id.* at 5. When he returned in June 2009 "he was not required to fill out new paperwork . . . , and he was not required to reapply for the position." *Id.* In September 2009, the grandson was promoted to a full-time position with the District, and he remains in that position today. *Id.* at 3. You explain that the arrangement between the grandson and the District "was not an uncommon one for college-aged students and the District still considered them standing employees." *Id.* at 4.

The nepotism prohibition of section 573.041 generally applies to the grandson because a grandparent and grandchild are related in the second degree of consanguinity. TEX. GOV'T CODE ANN. § 573.023(a) (West 2012). Because school district trustees are elected "at an election other than the general election for state and county officers," the grandson must have had six months of continuous employment prior to his grandfather's election in 2008 to qualify for the continuous-employment exception. *Id.* § 573.062(a)(2)(B). As this office has previously concluded, the starting and ending dates for determining whether the requisite period of the continuous-employment exception has been satisfied are the date when the individual is initially employed and the date the elected public official assumes office, respectively. Tex. Att'y Gen. Op. No. 1016 (2013) at 3; TEX. GOV'T CODE ANN. § 573.062(a) (West 2012).

---

[2] A brief submitted in response to your request disputes the facts as you have described them, providing additional information regarding the grandson's employment and his oral agreement with the District. *See* Brief from Michael J. Lansford at 1–3, 6 (May 28, 2013) (on file with the Op. Comm.). This office does not resolve disputed issues of fact. *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1. Therefore, this opinion is limited to the facts as you have presented them.

Your main concern is "whether the grandson still qualified for the continuous employment exception upon his return to the District during the summer of 2009." Request Letter at 4. An opinion of this office previously addressed the situation where an employee resigned a position after the employee's relative was elected to office. Tex. Att'y Gen. LO-96-015, at 1. That opinion stated that subsection 573.062(b) applies to "a person who has been continuously employed both prior to *and after* the appointment or election of his or her relative up until the time of the 'appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal.'" *Id.* at 2 (emphasis added). Because the individual "did not continue after the election in the position the employee held before the election," that opinion concluded that "subsection (b) is inapplicable" and the "individual [was] not exempted from the nepotism prohibitions by virtue of section 573.062." *Id.* Generally, employment ends when the "employment relationship" is broken. *See* Tex. Att'y Gen. Op. No. JC-0442 (2001) at 2 (considering whether a teacher's retirement broke the employment relationship with the school district as a matter of law, thus disqualifying the teacher for the continuous-employment exception). Therefore, once the continuous-employment exception is satisfied, it exempts an individual from the nepotism prohibition of section 573.041 only until the employment relationship is broken.

Answering your question requires a determination as to whether the grandson's employment was "continuous" under section 573.062(a)(2) and remained so after the grandfather's election. Resolving that factual question "will depend on the specific circumstances of a school district, the employee, and the terms of the underlying employment contract" and is a determination to be made by the District in the first instance. Tex. Att'y Gen. Op. No. 1016 (2013) at 3; Tex. Att'y Gen. Op. No. JC-0185 (2000) at 3–4 (stating that the underlying circumstances of the employment relationship determine whether a part-time, at-will employment is continuous). We can advise, however, that employment "on an intermittent, day-to-day basis" does not constitute continuous employment. Tex. Att'y Gen. Op. No. JC-0185 (2000) at 4; *see also Bean v. State*, 691 S.W.2d 773, 775 (Tex. App.—El Paso 1985, pet ref'd) (stating that a judge's "repeated appointments" of his uncle "to represent different . . . clients in different cases over a six-year period does not constitute continuous employment in one position"). By contrast, periodic service provided pursuant to a year-long contract may constitute "continuous" employment. Tex. Att'y Gen. Op. No. JM-45 (1983) at 3 (discussing statutory exception to nepotism prohibition analogous to section 573.062).

## S U M M A R Y

An at-will employee who consistently but periodically delivers employment services may qualify for the continuous-employment nepotism exception under Government Code section 573.062, provided that his employment was continuous. Whether employment is continuous depends on the underlying circumstances of the employment relationship and is a determination to be made by the employer in the first instance. Once the continuous-employment exception is satisfied, it exempts an individual from the nepotism prohibition of section 573.041 only until the employment relationship is broken.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee