ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 13, 2013

The Honorable René O. Oliveira
Chair, Committee on Business & Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1016

Re: Application of Government Code
section 573.062, the nepotism continuous-
employment exception, to a school district
board member's spouse (RQ-1117-GA)

Dear Representative Oliveira:

You ask three questions concerning the application of Government Code section 573.062, the nepotism continuous-employment exception, to a school district board member's spouse.[1] Chapter 573 of the Government Code generally prohibits nepotism by public officials, including members of a school district board of trustees. TEX. GOV'T CODE ANN. §§ 573.001–.084 (West 2012). Under section 573.041, a "public official may not appoint, confirm the appointment of, or vote" to appoint or confirm the appointment of an individual to a position that is "compensated from public funds" if "the individual is related to the public official within" the third degree by consanguinity or within the second degree by affinity.[2] Id. § 573.041(1); see id. § 573.002

---

[1]Letter from Honorable René O. Oliveira, Chair, House Comm. on Bus. & Indus., to Honorable Greg Abbott, Tex. Att'y Gen. at 3–4 (Mar. 28, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Individuals are related by consanguinity if "one is a descendent of the other" or "they share a common ancestor." TEX. GOV'T CODE ANN. § 573.022(a) (West 2012). An individual's relatives within the third degree by consanguinity are the individual's (1) parent or child; (2) brother, sister, grandparent, or grandchild; and (3) great-grandparent, great-grandchild, aunt or uncle, nephew or niece. Id. § 573.023(c). Individuals are related by affinity if "they are married to each other" or "the spouse of one of the individuals is related by consanguinity to the other individual." Id. § 573.024(a). "A husband and wife are related to each other in the first degree by affinity. For other relationships by affinity, the degree of relationship is the same as the degree of the underlying relationship by consanguinity." Id. § 573.025(a). For example, an individual's relatives within the second degree by affinity include, among others, the individual's (1) mother-in-law, father-in-law, son-in-law or daughter-in-law, and (2) brother-in-law or sister-in-law. See id.

(establishing the degrees of relationship to which chapter 573 applies). Section 573.062 establishes a continuous-employment exception to the general nepotism prohibition, providing:

> A nepotism prohibition prescribed by Section 573.041 . . . does not apply to an appointment, confirmation of an appointment, or vote for an appointment or confirmation of an appointment of an individual to a position if:
>
> > (1) the individual is employed in the position immediately before the election or appointment of the public official to whom the individual is related in a prohibited degree; and
> >
> > (2) that prior employment of the individual is continuous for at least:
> >
> > > (A) 30 days, if the public official is appointed;
> > >
> > > (B) six months, if the public official is elected at an election other than the general election for state and county officers;
> > >
> > > (C) one year, if the public official is elected at the general election for state and county officers.

*Id.* § 573.062(a). Your questions ask about the application of this provision in specific circumstances. Request Letter at 3.

You first ask whether, under subsection 573.062(a)(2), the six-month or one-year time period applies when the public official is a trustee of a school district that "conducts joint elections with a county." *Id.* at 1, 3. You explain that many school districts hold their trustee elections jointly with the counties in which they are located. Request Letter at 2. You question whether the applicable period in the exception is the subsection (2)(C) one-year period because of the joint election. *Id.*

Under subsection 573.062(a)(2)(C), in order for the one-year continuous-employment period to apply, the public official must be "elected at the general election for state and county officers." TEX. GOV'T CODE ANN. § 573.062(a)(2)(C) (West 2012). Some school districts may choose to hold their elections on the same date as the general election for state and county officers. *See* TEX. EDUC. CODE ANN. § 11.0581(a)(2) (West 2012) (requiring a school district trustee election to be held on the same date as at least one other specified governmental body). However, doing so does not change the independent nature of the school district trustee election. *Cf.* TEX. ELEC. CODE ANN. § 271.0071 (West 2003) (explaining that restrictions on methods of voting do not "apply to a joint election as if the joint election were a single election but rather apply independently to the election of each participating political subdivision"). School district trustees are neither state nor county officers, and they are therefore elected "at an election other than the general election for state and county officers." TEX. GOV'T CODE ANN. §

573.062(a)(2)(B) (West 2012). To conclude otherwise would result in some school districts using a six-month period and others using a one-year period to calculate continuous employment, depending solely upon when the school districts choose to hold their elections. Nothing in the language of the statute suggests that the Legislature intended to distinguish between school districts in this regard. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (explaining that the purpose of statutory construction is to "ascertain and give effect to the Legislature's intent"). Thus, the six-month continuous-employment period under subsection (2)(B) applies to an employee of a school district that conducts a joint election with a county.

Your second question asks, "What is the starting date for calculating the continuous-employment nepotism exception?" Request Letter at 4. You explain that an employee may sign a contract with a school district weeks or months before the employee "reports for duty," and you question "which of the two events would be the controlling date for purposes of analyzing" whether the continuous-employment exception applies. *Id.* at 2. Subsection 573.062 requires that the individual seeking the continuous-employment exception be "employed" for the requisite period in order for the exception to apply. TEX. GOV'T CODE ANN. § 573.062(a)(1) (West 2012). The day an employment contract is signed or approved may not necessarily equate to the first day of employment. *See* Tex. Att'y Gen. Op. No. M-862 (1971) at 2 (concluding that a person who had been "contracted for two or more years" but had "continuously performed services for a period of less than two years" was not exempt from the nepotism provisions). When employment officially begins for an individual will depend on the specific circumstances of a school district, the employee, and the terms of the underlying employment contract. That is a determination best made by the school district in the first instance. We can, however, advise that the starting date for calculating the continuous-employment exception is the first day the employee "is employed" by the school district. *Id.*

Your third question asks, "What is the date for calculating the end of the period for the continuous employment nepotism exception?" Request Letter at 4. You suggest that it could be the "qualification of the elected official, presumably by taking the qualifying oath of office," or, alternatively, "the date upon which the [elected official] would be first called upon to consider an extension" of the individual's employment contract. *Id.* at 2. In *Bean v. State*, a Texas court addressed this question as applied to a judge who had appointed his uncle to represent indigent defendants. 691 S.W.2d 773, 775 (Tex. App.—El Paso 1985, pet. ref'd). The court concluded that the judge was erroneously utilizing the date of his uncle's employment as an end date for the continuous-employment period and held that the critical date was instead the date the district judge "assumed his office." *Id.*; *see also* Tex. Att'y Gen. Op. No. M-857 (1971) at 2–5 (opining that a teacher may enter into a renewal contract with a school district after a relative trustee's election but before his qualification and taking the oath of office). Applying this precedent to your question, the date for calculating the end of the period for the continuous-employment nepotism exception is the date the elected public official assumes office.

## S U M M A R Y

Government Code subsection 573.062(a)(2)(B) requires that an individual be continuously employed for six months prior to the election of a school district trustee to whom the individual is related in a prohibited degree in order for the nepotism continuous-employment exception to apply. Under the terms of the statute, the continuous-employment period begins the first day the employee is employed by the school district. The continuous-employment period ends the date the public official to whom the employee is related in a prohibited degree assumes office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee