**Angel GOMEZ, Appellant,**

**v.**

**The CITY OF BROWNSVILLE, Appellee.**

No. 13–97–320–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 6, 1998.

Rehearing Overruled Sept. 10, 1998.

James A. Herrmann, Harlingen, Carter C. White, Yanta, Flores & Korth, Austin, for appellant.

W. Michael Fisher, Ricardo Morado, Roerig, Oliveira & Fisher, Brownsville, for appellee.

Before DORSEY, YAEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Angel Gomez, a former police officer who was indefinitely suspended by the City of Brownsville, is appealing a declaratory judgment affirming his termination of employment. In his appeal, Gomez raises four points of error, the first being whether the trial court was correct in ruling that the collective bargaining agreement (CBA) between the City of Brownsville and the police union governed Gomez's disciplinary appeal. The second point of error argues that Gomez was not a member of the local police union, thus the CBA does not apply to him. Third, Gomez seeks to estop the police chief from challenging the jurisdiction of the Brownsville Civil Service Commission. Finally, Gomez argues that despite the lapse of a ten-day filing period for appeal to the Brownsville City Manager, he may still appeal because it was the police chief's burden to file the appeal. We affirm.

Officer Gomez was placed on indefinite suspension by the Brownsville Police Department after Gomez arrested the son of another Brownsville police officer for DWI. Allegedly, Gomez acted in retaliation for a similar act against his own son by the father of the boy arrested. Once Gomez received notice of his indefinite suspension, which included information about Gomez's right to appeal under the CBA, Gomez filed a written grievance of the suspension to the Police Chief, citing the CBA. After the police chief delivered to Gomez a letter denying him his appeal, Gomez failed to submit his grievance to the city manager as required under article V of the CBA. Instead, Gomez appealed his suspension to the Brownsville Civil Service Commission. The Commission voted to set aside the disciplinary suspension of Gomez, which prompted the City to seek a declaratory judgment.

The trial court found in favor of the City. The declaratory judgment stated: (1) that Gomez was bound by the terms of the CBA, (2) that Gomez failed to follow the proper administrative procedures set out in the CBA, and (3) that the Commission lacked jurisdiction to hear Gomez's claim because the CBA prevailed over any state or local civil service provisions.

 In his first point of error, Gomez argues that the CBA does not prevail over state and local law in this dispute. Gomez cites section 174.006(a) of the local government code, which provides "a state or local civil service provision prevails over a collective bargaining contract under this chapter unless the collective bargaining contract specifically provides otherwise." TEX. LOCAL GOV'T CODE Ann. § 174.006(a) (Vernon 1993). Gomez interprets this language as stating the

CBA must specifically and explicitly state what grounds an officer can be suspended under in order to prevail over the Civil Service Act (Chapter 143 of the local government code). Because the CBA only spells out the procedures for disciplinary actions, and not the grounds that can initiate discipline, Gomez argues the CBA is defective. Thus, the Civil Service Commission has jurisdiction over Gomez's case under the Civil Service Act.

The City counters that Gomez misinterprets the statute and the CBA. First, appellee states that the agreement provides that it does not govern any matter subject to state or local civil service regulations "except disciplinary actions by the employer [City of Brownsville]." Second, because the CBA further describes a detailed grievance procedure, the City argues these two sections are enough to establish that the CBA alone constitutes the procedures to be followed in this dispute. In summation, the City argues that the collective bargaining agreement delineates the specific grievance *procedure* to be followed for disciplinary actions, while the Civil Service Act controls as to the matter of the grounds for discipline. Also, the City states that the grounds for Gomez's indefinite suspension are not at issue in this appeal; rather, this appeal turns on whether the trial court was correct in finding that Gomez failed to follow the proper *procedures* to appeal his disciplinary suspension.

Finally, the City relies on section 174.005 of the Fire and Police Employee Relations Act, which eliminates any potential conflicts with other contrary legislation. TEX. LOCAL GOV'T CODE ANN. § 174.005 (Vernon 1993). The City argues this provision allows police and fire officers complete authority to negotiate and enforce collective bargaining agreements, as is consistent with the general purpose of the statute. Thus, the City argues the CBA's validity is not dependent on its containing provisions concerning grounds for suspension because it was at the police association's discretion whether to place such a provision in the CBA.

Gomez cites *Harrison v. City of San Antonio,* 695 S.W.2d 271 (Tex.App.—San Antonio 1985, no writ) in support of his argument.

*Harrison* involved police officers who took an examination for promotion, and the manner in which the exam was conducted did not correspond with the manner provided by state law. Specifically, Harrison argued that because the collective bargaining agreement between the city and police association did not specifically require the test to be conducted over two days, which is how the exam was conducted, then state law governed the administration of the exam. Next, Harrison argued that because the administration of the exam violated the identical examination requirement of the operative statute then in effect, the exam's violation of state law made the exam void. The appellate court agreed with Harrison, holding the exam was void due to its noncompliance with either a specific provision in the collective bargaining agreement or with state law. *Harrison,* 695 S.W.2d at 277.

We find appellant's reliance on *Harrison* inapposite. *Harrison* is distinguishable from the case at hand in that the CBA provided clear grievance procedures, contrary to the vague exam procedures afforded in *Harrison.* Thus, state law cannot prevail over the CBA under section 174.006(a) of the local government code, which is the current equivalent of the statute analyzed under *Harrison.* TEX. LOCAL GOV'T.CODE ANN. § 174.006(a) (Vernon's 1993). We overrule Gomez's first point of error.

■ In his fourth point of error, Gomez argues that even if the CBA governs the dispute, he is still entitled to appeal his grievance to the city manager, despite his failure to appeal within ten days of the police chief's denial as required by the CBA. Gomez cites the language of the CBA, which states "[i]f the grievance is not satisfactorily settled [upon appeal to the Police Chief], the grievance *shall be submitted* to the City Manager or his designee within five (5) business days after receiving the written decision from the Chief of Police." (emphasis in original). Gomez argues that the passive voice used in "shall be submitted" implies that the police chief is required to submit the appeal to the city manager, and not the employee (Gomez). We disagree. Only the employee, not the police chief, knows if the employee was satis-

fied with the results of his appeal and whether the employee wishes to pursue the matter further. To read the language as Gomez argues would require the police chief to contact the employee in order to discover his satisfaction and ask permission to appeal for him to the City Manager. Such an interpretation defies logic. We overrule Gomez's fourth point of error.

■ In his second point of error, Gomez argues that because he never authorized his state union dues to be given to the local organization, he is not a member of the local union, thus the CBA is not binding on him. However, this position clearly contradicts the principle that collective bargaining agreements govern all employees within the bargaining class, regardless of actual union membership. *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 200–1, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Branson v. Greyhound Lines, Inc.*, 126 F.3d 747, 750 (5th Cir.1997). We overrule appellant's second point of error.

■ Finally, in his third point of error, Gomez seeks to estop the police chief from invoking the terms of the CBA because he originally invoked the Civil Service Act when dealing with Gomez's appeal. However, as a member of the bargaining class under the CBA, the doctrine of estoppel by contract does not permit Gomez to have different rules apply to him when they are inconsistent with the rules applying to other members of the bargaining class. *Hawn v. Hawn*, 574 S.W.2d 883, 886 (Tex.Civ.App.—Eastland 1978, ref'd. n.r.e.); *Mathews v. Sun Oil Co.*, 411 S.W.2d 561, 564 (Tex.Civ.App.—Amarillo 1966), (aff'd. on other grounds, 425 S.W.2d 330 (Tex.1968)). Accordingly, we overrule Gomez's third point of error.

We AFFIRM the judgment of the trial court.