

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

February 12, 2001

The Honorable Laura Garza Jiménez
Nueces County Attorney
901 Leopard, Room 207
Corpus Christi, Texas 78401-3680

Opinion No. JC-0336

Re: Whether a police chief who has authority under a collective-bargaining agreement to finally select the senior officer who will be promoted to lieutenant may promote his nephew to a vacant lieutenant position, and related questions (RQ-0283-JC)

Dear Ms. Jiménez:

A public official may not promote his or her nephew to a position compensated from public funds if promotion requires the official to finally select the person who will fill the position. *See* TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994). You ask whether a police chief may promote his nephew to the position of lieutenant, where the promotion requires the chief to select among three qualified persons.[1] He may not.

If the police chief may not promote his nephew to lieutenant, you ask whether the collective-bargaining agreement may be amended to provide that where a close relative of the police chief is eligible to be promoted an official other than the chief selects from among the qualified personnel. *See* Request Letter, note 1, at 1. The collective-bargaining agreement may be so amended, but the parties to the collective-bargaining agreement also should consider amending the agreement to transfer additional authority over the close relative to another official. You finally ask how, if the nephew may be promoted, initial duties may be assigned to him in light of Attorney General Opinion JC-0193. *Id.*; *see* Tex. Att'y Gen. Op. No. JC-0193 (2000). We conclude that the chief may assign any duties he deems necessary to accomplish the police department's duties.

This office will not construe a particular collective-bargaining agreement. *See* Tex. Att'y Gen. Op. Nos. JC-193 (2000) at 5; JC-0165 (2000) at 1. We look only at how the statutory nepotism prohibitions apply in the circumstances you describe.

For purposes of the anti-nepotism statutes, a police chief who has, under a collective-bargaining agreement, final authority to appoint, reward, discipline, or demote employees is a public

---

[1]*See* Letter from Honorable Laura Garza Jiménez, Nueces County Attorney, to Honorable John Cornyn, Texas Attorney General (Sept. 8, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

official. *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 659 (Tex. Civ. App.–Eastland 1981, no writ) (stating that public official has nondelegable final authority to appoint); Tex. Att'y Gen. Op. No. JC-0193 (2000) at 3 (stating that City of Corpus Christi police chief is public official under chapter 573, Government Code). Under section 573.062 of the Government Code, a sole officeholder who has final authority to appoint, reappoint, confirm, employ, reemploy, change the status or compensation of, or dismiss personnel may not take any action with respect to a close relative, including a nephew, who has been continuously employed by the office for a certain period of time. *See* TEX. GOV'T CODE ANN. § 573.062(a), (b) (Vernon 1994); *see also id.* §§ 573.002, .022, .023 (defining prohibited degree of consanguine relationships); *Cain v. State*, 855 S.W.2d 714, 718 (Tex. Crim. App. 1993) (en banc) (holding that nepotism statute is not unconstitutional when applied to "sole officeholders"). A public official includes an officer of any political subdivision of this state, including a municipality. TEX. GOV'T CODE ANN. § 573.001(3)(A) (Vernon 1994).

In Attorney General Opinion JC-0193 this office concluded that the Chief of Police for the City of Corpus Christi could not, by transferring his nephew laterally to another division, change the nephew's employment status with the City of Corpus Christi's police department if the change of status requires the Chief to exercise discretion. Tex. Att'y Gen. Op. No. JC-0193 (2000) at 1. That opinion examines whether a reassignment that did not involve a salary change was a "change of status" for the purposes of section 573.062(b) of the Government Code. *Id.* at 3. You do not raise that issue again.

Having received Attorney General Opinion JC-0193, you now raise supplementary issues based on similar, though not identical, facts. You explain: "The Chief of Police for the City of Corpus Christi has a nephew employed as a Senior Officer within the Police Department. . . . Through a competitive process the nephew ranks number two on the promotional eligibility list for lieutenant in the department." Request Letter, *supra* note 1, at 1. You list the ranks in the police department "in declining order," as "chief, assistant chief, commander, captain, lieutenant, senior officer, and officer." *Id.* at 2.

The police department at issue is subject to a collective-bargaining agreement. *See* Tex. Att'y Gen. Op. No. JC-0193 (2000) at 2 (quoting Letter from Honorable Carl E. Lewis, Nueces County Attorney, to Honorable John Cornyn, Texas Attorney General (July 23, 1999) (on file with Opinion Committee); Agreement Between the City of Corpus Christi and the Corpus Christi Police Officer's Association (Aug. 1, 1998 - July 31, 2000).[2] Under the collective-bargaining agreement, promotions to lieutenant must follow a specific procedure:

> The candidates take a written exam. The top 15 continue to an
> assessment center. An eligibility list is established based on the
> assessment center weighted at 60% and the written exam at 40%,

---

[2]You state that the collective-bargaining agreement "remains in effect . . . because it has not been superseded by a new agreement." *See* Request Letter, *supra* note 1, at 2.

> with up to 10 extra points for years of service. . . . Upon a lieutenant vacancy, the civil service commission certifies the three top names on the list to the chief. The chief may select any of the three. Appeal may be made by a rejected candidate to an arbitrator. A person promoted may be demoted within 365 days of promotion at the discretion of the chief without appeal to the commission.

*Id.*

The City of Corpus Christi has adopted chapter 143 of the Local Government Code, under which a municipality may implement a civil-service system for fire fighters and police officers. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.001, .002, .004, .006 (Vernon 1999); Request Letter, *supra* note 1, at 2. Although chapter 143 establishes a procedure for promoting employees, *see id.* § 143.036, a local collective-bargaining contract may prevail over the statutory procedure if the contract specifically states that it does, *see id.* § 174.006(a); *Gomez v. Brownsville*, 976 S.W.2d 291, 293 (Tex. App.–Corpus Christi 1998, pet. denied). The Agreement between the City of Corpus Christi and the Corpus Christi Police Officer's Association explicitly states that, "[t]o the extent" the collectively bargained promotion procedures "alter any provision of Chapter 143" of the Local Government Code, "Chapter 143 is so altered." Agreement Between the City of Corpus Christi and the Corpus Christi Police Officer's Association art. XIII(F), Aug. 1, 1998 - July 31, 2000.

Because the chief exercises discretion to select from a list of three qualified candidates, we conclude, consistently with Attorney General Opinion JC-0193, that the chief may not promote his nephew to lieutenant. *See* Tex. Att'y Gen. Op. No. JC-0193 (2000) at 1 ("We conclude that section 573.062(b) of the Government Code prohibits the Chief's final approval if the approval requires an exercise of the Chief's discretion."). A promotion is, as a matter of law, a "change in status" under section 573.062(b). *See id.* at 3 (discussing dictionary definitions of "change of status"). And, under the current collective-bargaining agreement, the chief is the final decision-maker. In answer to your first question, therefore, the nephew may not be promoted to lieutenant.

In answer to your second question, we conclude that the collective-bargaining agreement may be amended so that the nephew may be promoted, but we urge caution in making any such amendments. Of course, the collective-bargaining agreement may not be amended to permit the police chief to violate the law by, for example, appointing a close relative. As Attorney General Opinion JC-0193 suggests, because the collective-bargaining agreement at issue assigns to the police chief final authority to promote a senior officer to lieutenant, the chief must abstain from promoting a relative who is a senior officer where the promotion permits the chief to exercise discretion. Tex. Att'y Gen. Op. No. JC-0193 (2000) at 3. While the current police chief holds final authority to promote an employee to fill a vacancy, his nephew must remain in the same position, at the same pay, unless the chief takes an action affecting a bona fide class of employees, and the nephew is a member of the class. *See* TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994); *Cain*, 855 S.W.2d at 718 (rejecting court of appeals' holding).

If the collective-bargaining agreement is amended to take from the chief final authority to decide promotions where the chief's close relative is among the list of those qualified, *see* Request Letter, *supra* note 1, at 1, and to give final authority in that instance to another official, such as the city manager, then the anti-nepotism statute would not apply. In that case, the close relative may be promoted. Because you describe only this amendment, we do not consider whether the collective-bargaining agreement may be amended in any other way that would permit the nephew to be promoted.

As you suggest, the collective-bargaining agreement itself must delegate final authority to promote—a police chief's voluntary delegation of the decision to another party does not avoid the application of the anti-nepotism prohibitions. *See id.* These prohibitions apply to any official who *may* exercise control over an employment decision. *See* Tex. Att'y Gen. Op. No. DM-2 (1991) at 1. So long as the collective-bargaining agreement confers upon the police chief final authority to promote senior officers to lieutenant, the police chief's close relative may not be promoted.

In the event that the chief's close relative may be promoted following amendments to the collective-bargaining agreement, the parties to the collective-bargaining agreement may be wise to amend other sections as well. In particular, you state that a senior officer who is promoted to lieutenant "may be demoted within 365 days of promotion at the discretion of the chief without appeal to the" civil-service commission. Request Letter, *supra* note 1, at 2. But the chief may not demote his nephew without violating section 573.062 of the Government Code. *See* TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994). Unless the collective-bargaining agreement is amended to provide for demoting the close relative within a probationary period, the nephew, once promoted to lieutenant by the city manager or other official, may not be demoted as may other newly promoted lieutenants.

You ask finally how, if the chief's nephew may be promoted under either your first question or your second question, the nephew initially may be assigned duties. "Would he have to be given the same assignment as the lieutenant who vacated the position being filled?" Request Letter, *supra* note 1, at 1. We conclude that the chief generally may assign the newly promoted nephew any duties he deems necessary to accomplishing the department's functions. A change of assignment must not, however, constitute a change in status as a matter of fact.

The chief may allocate and reallocate duties among his related and non-related employees as he wishes, so long as changed assignments do not change the status of a related employee. Section 573.062 of the Government Code contemplates that a public official may retain as an employee a close relative who has been continuously employed in a certain position for a period of time before the public official was appointed or elected to office—an employee whom the official could not hire under the anti-nepotism prohibition. *See* TEX. GOV'T CODE ANN. §§ 573.062(a), .041 (Vernon 1994). The legislature envisioned, therefore, that a public official and a related, continuously employed employee would have a way to work together, so that the public official could assign duties as necessary, without changing the related employee's status under section 573.062(b). (We assume that a collective-bargaining agreement may limit the chief's authority to

assign tasks, but we do not consider whether the collective-bargaining agreement that you have sent does so.) Any other conclusion would prove unworkable for the public official and the office he or she serves.

Whether a particular change in assignment constitutes a change in status for the purposes of the anti-nepotism statute is a question of fact that cannot be resolved in the opinion process. *See* Tex. Att'y Gen. Op. Nos. JC-0298 (2000) at 1 (stating that we cannot resolve fact dispute); JC-0020 (1999) at 2 (investigating and resolving fact questions "cannot be done in the opinion process"); DM-98 (1992) at 3 ("[Q]uestions of fact . . . cannot be resolved in the opinion process.").

As Attorney General Opinion JC-193 indicates, a change in status "varie[s] the conditions" of an employee's employment. *See* Tex. Att'y Gen. Op. No. JC-0193 (2000) at 3-4. We recognize that the opinion unfortunately suggests that a "reassignment" is encompassed within "change of status": "In our opinion, the phrase 'change in status' includes a reassignment within an organization, whether or not a change in salary level accompanies the reassignment." *Id*. at 3. The reassignments at issue there, however, involved interdepartmental transfers, complete with changes from uniformed status to plain-clothes status, among other things. *See id*. at 2. An assignment of duties within a department need not constitute a change of status if the changes are not of the same magnitude as those described in Attorney General Opinion JC-0193. *See id*. at 3-4.

## S U M M A R Y

A police chief who, under a collective-bargaining agreement, exercises discretion to finally select from a list of three qualified senior officers one person to promote to lieutenant, may not select his nephew. *See* TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994). A collective-bargaining agreement may be amended to take from the chief final authority to decide promotions where the chief's close relative is among the list of those qualified and to give final authority in that instance to another city official. If a collective-bargaining agreement is so amended, the nephew may be promoted by the other official to lieutenant. The police chief may allocate duties among lieutenants, including a newly promoted nephew, as he or she deems necessary to accomplish the functions of the office. A changed assignment may not, as a matter of fact, change the related employee's status.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee